THOMAS RYAN,· Respondent, *against* GEORGE S. MILLER, Appellant.

(Decided March 15th, 1883.)

By reason of the defective construction of a ladder furnished by an employer for the use of his workmen, one of them fell from it, striking another and causing him to fall through a well-hole. *Held*, that the injuries thereby received by the latter were not too remote to sustain an action by him therefor against the employer.

The fact that the defect in the construction of· the ladder was due to negligence of a fellow-workman in the same employment with plaintiff is no defense to such an action; since an employer is bound to furnish to his employees proper materials and instruments for the work.

The refusal of a request for an instruction to a jury is not error, where the instruction asked ignores an essential fact, thus authorizing a finding by the jury contrary to the evidence.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The defendant in this action was engaged in the erection of eight houses in the city of New York, and the plaintiff was employed by the defendant as a hod-carrier at said building on the 20th of July, 1881; and on the 22d of July, the foreman of the defendant, with the assistance of one William Lane, another hod-carrier, made a ladder of certain dimensions, which was to be used by the hod-carriers in

going up from the parlor story to the story above. The ladder rested on a temporary platform, partially built over what is called the well-hole on the parlor floor, and passed up through the well-hole in the floor above. Upon this covered space or platform, four feet from the foot of the ladder, and two feet from the opening, the plaintiff stood at the time of the accident. Two hod-carriers had gone up the ladder and landed on the floor above; the third hod-carrier in taking hold of one of the rounds of the ladder displaced it and fell completely over and outside of the hod-carrier who was in the center of the ladder, and struck the plaintiff who was standing upon the platform, and knocked him down into the cellar. This ladder was made but a very short time before the accident, of the best materials. All the other rounds except the one in question had been fastened with two ten-penny nails at each end, but this one appears to have been fastened with but one nail, and this nail having passed between the uprights of the ladder had no hold.

It was claimed upon the part of the defendant that the round which came off was the upper round of the ladder. Upon the part of the plaintiff it was contended that the round which came off was the third from the top. The defendant offered evidence tending to prove that the top round upon the ladder was not put upon the ladder by the foreman, but must have been put there without his knowledge or consent.

The jury found a verdict for the plaintiff. The defendant made a motion for a new trial upon the minutes, which was denied. From the judgment entered upon the verdict, and from the order denying his motion for a new trial, the defendant appealed.

*A. T. Compton*, for appellant.

*John C. Tomlinson*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]— The appellant claims that the damages are too remote, and

cites various cases in support of this proposition; but I fail to see the application of any one of those cases. If the defendant's servants were guilty of negligence in the construction of this ladder, that negligence was the immediate cause of the accident which happened to the plaintiff, and it was not the person falling who can be said to be the only immediate cause of the injury.

As well might it be said that if A, in assaulting B, strikes him and knocks him with such force that B knocks C down and he is injured by the fall, then A is not responsible for the accident, as to say that where the defendant in this action by his negligence causes one of his workmen to fall upon another, the injury received by the second workman is not the natural and probable consequence of the defendant's wrongful act or omission.

The next point raised by the appellant is, that negligence was not brought home to the defendant, and that the negligence, if any existed, was the negligence of the foreman in carelessly putting on this fifteenth round, and that the foreman was a fellow-workman engaged in the same common enterprise.

In this proposition the principle is overlooked that an employer is bound to furnish proper materials and proper instruments with which his employees are to do the work. In this case the defendant furnished the ladder, and, if the plaintiff's theory of the cause was true, the ladder was improperly constructed; and it is immaterial by whom it was so improperly constructed, as long as it was furnished by and with the direction of the defendant for the purposes of use by his employees. The counsel cites various cases in which the proposition is maintained that the employer is not a guarantor of the safety of the implements furnished, and that in cases where the defect could not have been discovered by inspection no recovery could be had, which are not applicable to the case at bar, as it is not claimed that an examination of this ladder would not have disclosed the fact that there was but one nail in the round which came off, and that it was in a position in which it had no hold.

The workman in going up the ladder was not required to examine every round to see whether it was suited for the purposes for which the ladder was constructed, but he had a right to assume, unless the defect was glaringly apparent, that the ladder was fit for the purpose to which it was to be applied.

It was also urged that as the servant assumes all risk incident to his employment there can be no recovery in this case. It does not appear from the evidence in this case that one of the incidents of going up a ladder is that the ladder must necessarily be so defectively constructed that the workmen are liable to fall from it in consequence of the breaking or coming off of the rounds.

The claim that the plaintiff was guilty of contributory negligence in standing in the position in which he was standing, does not seem to be upheld by any evidence in the cause. He was there awaiting his turn to go up the ladder, and it certainly could not be considered as part of his duty to be watching the other men going up the ladder to see how many fell down before it was his turn to ascend.

The only exception which appears to be of any moment in the case, is the refusal of the court to charge the request contained in the 133d folio of the case, which was to the effect, "That if the jury are satisfied that the round which broke and caused the accident was not put on the ladder by the defendant or his foreman, the plaintiff cannot recover."

The request in question, as framed, omits an essential element.

There had been a controversy as to whether the round which came off was the top round, or the third round from the top. In case the jury should find that it was the third round from the top, there was no question upon the evidence but that it was put on by the foreman. In case the jury found that the round which came off was the top round, then there was a question for the jury to determine whether or not it was put on by the foreman. In the request submitted to the court this fact was entirely ignored, and it authorized the jury to say, even if they should find

that the third round came off and was the cause of the accident, that it was not put on by the foreman, which was entirely contrary to the evidence. If, in the proposition, it had been left to the jury to find whether it was the top round which had come off, and then, if they found that such top round was not put on the ladder by the defendant or his foreman, that the plaintiff could not recover, the request would have been proper; but leaving the question so that the jury could have found that it was the third round which came off, and that such third round was not put on by the defendant or his foreman, made the request in question improper, and the refusal to charge in the language employed was not error.

The case of *Derkin* v. *Sharp* (88 N. Y. 228), illustrates the precision which must be followed in a request in order to constitute error in refusing to charge the same.

There are other exceptions which do not seem to call for particular discussion; and the judgment and order appealed from must be affirmed with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment and order affirmed, with costs.