## MEDLER *v.* ATLANTIC AVE. R. CO.

*(City Court of Brooklyn, General Term. January 26, 1891.)*

1. HORSE AND STREET RAILROADS—INJURIES TO PASSENGERS—INSTRUCTIONS.
    The plaintiff, riding on one of the defendant's cars, when approaching a street crossing, twice notified the driver to stop, and, when the horses came to a walk, stepped down from his seat to the side step, holding on, and waiting for the horses to come to a stop, before alighting. Suddenly, and without warning, the driver released the brake, and struck the horses, causing a jerk, which broke the plaintiff's hold, and threw him to the ground. The defendant requested the court to charge that it was the driver's duty, under a city ordinance, to keep the car in motion while crossing the space between the cross-walks of an intersecting street; and that if it was necessary to urge the horses forward, and release the brake, in order to do so, the driver could not be held negligent for so doing. *Held*, the request was faulty in not limiting the driver to ordinary care in urging the horses forward, and releasing the brake.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Defendant's further request to charge, in such case, that if plaintiff willfully violated a rule of defendant prohibiting passengers from riding on the steps of the cars when in motion, and was injured in consequence, he could not recover, was properly refused, where there was no evidence of any willful violation of the rule.

Appeal from trial term.

Action by James Medler against the Atlantic Avenue Railroad Company for personal injuries. Judgment was entered on a verdict for plaintiff, and defendant appeals. The court refused to charge as requested at folio 268, that if the movement of the car would have been ineffectual to disturb the equilibrium of an ordinary passenger standing on the step, then there was no negligence on defendant's part, but did instruct at folio 269 that if the movement was so slight that no person could foresee that it would cause the plaintiff to fall, there could be no recovery.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Tracy, McFarland, Boardman & Platt,* for appellant. *Thos. E. Pearsall,* for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries sustained by him through the alleged negligence of the driver of one of defendant's cars. It appears from the testimony of the plaintiff, a blacksmith by trade, that on the afternoon of Saturday, August 10, 1890, at the close of his day's work, he took passage on an open car of the defendant, sitting on the first seat back of the driver, to go to his home. The place where he in-

tended to alight was at the corner of Congress and Hicks streets. Plaintiff testified: "When I came within about two houses of the corner of Congress street [on Hicks street] I said to the driver to stop. He was talking to a man who was standing along-side of him, on his right-hand side. He did not stop then, took no notice to me, and I spoke quick and loud, and told him to stop. He had his hand on the brake, and turned around quick, and the horses came to a slow walk, and I got off the seat onto the step, and as I was just standing on the step he hit the horse on the right-hand side with the end of the lines, and he made a plunge ahead, and pitched me out." Plaintiff further testified that when he stood on the side step he had hold of the hand-rail; that the effect of the horses plunging ahead was to give the car a sudden jerk, which broke his hold, and threw him off on the street, about midway between the two cross-walks of Congress street, his left hip striking the ground first. From the injuries sustained by his fall, plaintiff was confined to the hospital for 11 weeks, and has since been compelled to go about on crutches; and from the medical testimony it appears that the injuries to plaintiff's hip are of such a character as to cause a permanent shortening of the limb. A witness on the part of the plaintiff also testified that he saw the driver strike the horse on the right-hand side, and let go the brake, and the horses gave the car a jerk, and plaintiff fell off; and another witness testified that "just about as the horses slowed up to a walk, and had just about crossed the first cross-walk, the driver raised his left hand with the lines, and let go of the brake." Plaintiff had a verdict; and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant now appeals.

It is claimed by the learned counsel for the appellant that the evidence was insufficient to establish any negligence on the part of the defendant; that the driver had a right to release the brake, and urge the horses forward, to prevent them from stopping between the cross-walks in violation of the city ordinances; and he cites the case of *Hayes* v. *Railroad Co.*, 97 N. Y. 259, as authority for his contention. In that case, however, the circumstances were entirely different from the one now before us. There the plaintiff was riding upon the front platform of the car, although there were vacant seats inside. He stepped down on the front step to give some passengers an opportunity to enter, and, as he was in the act of stepping up again, the car in starting "gave a sudden movement," causing him to fall. There was no evidence that the driver started his horses in any unusual or negligent manner. The court of appeals simply held that the fact "that the car ' gave a sudden movement' is entirely consistent ·with the supposition that, having been still, the horses were started in a careful and prudent manner." We think the circumstances in the case at bar were so entirely dissimilar that the case cited does not support the contention of defendant's counsel. Here, plaintiff was riding on the car. He notified the driver twice to stop, so that he might alight. The horses came to a walk. He stepped down on the side step, holding on, and waiting for the car to come to a stop, before he alighted, when, suddenly and without warning, as plaintiff testifies, the driver releases the brake, strikes his horse, and the horses plunge forward, thereby giving the car a jerk so violent as to break plaintiff's hold, and throw him onto the street on his hip. True, the driver denied that he let off the brake or struck his horse. That issue, however, the jury have decided in plaintiff's favor; the learned trial judge having charged the jury that, if they believed the statement of plaintiff and his witnesses, it was for them "to determine whether the driver, under those circumstances, exercised ordinary care." Clearly, the contest of testimony made the case one proper to submit to a jury, (*Nolan* v. *Railroad Co.*, 87 N. Y. 63,) and we can see no reason for disturbing their verdict.

Defendant's counsel requested the court, *inter alia*, to charge as follows: "It was the right and duty of the driver of the car to keep the car in motion·

while it was passing the space between the cross-walks on Congress street; and if it was necessary to urge the horses forward, and let off the brake, in order to do so, the driver could not be held negligent for doing those things." This request was refused, and the refusal excepted to. We do not think the exception was well taken; for, while the right and duty of the driver was properly stated, the request was faulty in not limiting the driver to the use of at least ordinary care, under the circumstances, in urging his horses forward, and letting off the brakes. The learned trial judge correctly laid down the law, after refusing the request, in stating as follows: "I will state this: That there is an ordinance which is obligatory upon drivers of horse-cars compelling them not to stop at what is called the 'lower corner,' the 'near corner,' but to cross over, so as not to obstruct the street pending the stoppage; and that it was his duty not to stop at that point, at a point before they crossed; but that, in exercising that duty and that right, it was his duty as the representative of this corporation, to use ordinary care, so as to save the passengers free from harm and injury." Defendant's counsel further excepted to the refusal of the court to charge as follows: "And if the plaintiff willfully violated this rule, [referring to a rule prohibiting passengers from riding on the steps when the car is in motion,] and rode on the step while the car was in motion, and was injured in consequence, he cannot recover." This exception cannot be sustained. In the first place, there was no evidence of any willful violation of the rule. To have charged as requested would have been equivalent to charging that the plaintiff was guilty of negligence. In a similar case (*Nichols* v. *Railroad Co.*, 38 N. Y. 131) the court of appeals have held that negligence cannot fairly be imputed to a passenger. The learned trial judge, after refusing to charge as requested, added as follows: "I will charge you this in explanation of that: It is for you to take into consideration the fact that he was upon the step when the car was in the condition that you find it was at that time, in determining whether he was guilty of contributory negligence or not." We think that this statement of the law was quite as favorable to the defendant as the authorities would approve or warrant.

Nor do we think that the exception to the refusal to charge at folio 268 was well taken. All that the defendant had a right to ask on the point contained therein was fully covered by the requests which were charged in folio 269. We are accordingly of the opinion that the judgment and order appealed from should be affirmed, with costs.