ligence, assuming the child to have been sui juris, was for the jury, and not for the court.   McGovern v. Railroad Co., 67 N. Y. 418.   See Id. 421; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Kunz v. City of Troy, 104 N. Y. 344, 351, 10 N. E. 442.

The court of appeals has often declared, in one form or another, that drivers of vehicles must appreciate the fact that foot travelers frequently cross the streets and that this devolves upon them the duty of being watchful, and looking out for such travelers for the purpose of avoiding a collision. Murphy v. Orr, 96 N. Y. 14, 16; Moebus v. Herrmann, 108 N. Y. 353, 15 N. E. 415.   The testimony in this case would sustain a finding, which would be the most charitable view of it, that the motorman, through inattention, was neither watchful nor careful in his outlook for foot travelers on this occasion, and that, if he had been, he would have discovered the dangerous position of the deceased boy in time to have saved him from injury by stopping or slowing up the car, and, on the other hand, if he did see the boy within a few feet of the track, running directly towards it to cross the same, a finding that he should have anticipated the child's dangerous position and could have avoided the collision by reasonable care in cutting off his power and applying his brake, and that he failed to do so.   There was a prima facie case on defendant's negligence which should have been submitted to the jury.   Stone v Railroad Co., 115 N. Y. 104, 21 N. E. 712; Mason v. Railroad Co., 4 Misc. Rep. 291, 24 N. Y. Supp. 139, affirmed 140 N. Y. 657, 35 N. E. 892; Thurber v. Railroad Co., 60 N. Y. 326, 329; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Murphy v. Orr, 96 N. Y. 14; Keenan v. Railroad Co. (City Ct. Brook. General Term, May, 1894) 29 N. Y. Supp. 325.   The judgment and order herein must be reversed, and new trial ordered, with costs to abide the event.

-------

(9 Misc. Rep. 273.)

KINKADE v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term.   June 25, 1894.)

STREET CARS—INJURY TO PASSENGER—SUDDEN START.
   It is negligence to suddenly and without warning start a street car while a passenger is on the step, and before he has had time to get his seat in the car.

Appeal from trial term.

Action by Moses D. Kinkade against the Atlantic Avenue Railroad Company for personal injuries.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.

Ayres & Walker, for respondent.

CLEMENT, C. J.   The counsel for the appellant in this case seeks a reversal on only two grounds—First, that there was no proof of negligence on the part of the employes of the defendant; and, second, on the ground that the verdict for $10,000 was excessive.   We

have carefully read the record in this case, and find no ground for disturbing the result at the trial term.    We will go further, and say that the appeal seems to us to be taken solely for delay.    It was decided by this court in the case of Medler v. Railroad Co., 12 N. Y. Supp. 930, affirmed in court of appeals without opinion 126 N. Y. 669, 27 N. E. 854, that it was negligence for the driver to suddenly start an open horse car when the passenger was on the step for the purpose of alighting therefrom.    The converse of the rule would seem equally true,—that it was a negligent act to suddenly and without warning start when the passenger was on the step, and before he had time to get his seat in the car.    The defendant's counsel, however, contend that plaintiff was riding on the step for the reason that he could not find a seat.    If so, the case is stronger against the company.    If the plaintiff was forced to ride in a dangerous place.    Then he was not guilty of contributory negligence in so doing, and the employes of the company were bound to exercise greater care.    Spooner v. Railroad Co., 54 N. Y. 230; Werle v. Railroad Co., 98 N. Y. 650.    The verdict was not excessive within the principles laid down by this court in the case of Vail v. Railroad Co., 6 Misc. Rep. 20, 26 N. Y. Supp. 59.    Judgment and order denying new trial affirmed, with costs.