(10 Misc. Rep. 191.)

DEMANN v. EIGHTH AVE. R. CO.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

**1. CARRIERS—INJURY TO PASSENGER—PROOF OF RELATION.**

A judgment for plaintiff for injuries sustained by falling from a street car will not be disturbed on the ground that the evidence failed to show that plaintiff was at the time a passenger on a car of defendant, where a letter to defendant offered in evidence by defendant, and received without limitation, stated that plaintiff "was thrown from one of your cars," though plaintiff did not directly state that she was on a car of defendant, and though, after the accident, she made a complaint at a stable of another company.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

Where a passenger in an open street car, after having given the signal to stop, and after the car had slackened its speed, put herself near the edge, so as to be ready to step off as soon as the car should stop, and, instead of stopping, it increased its speed, causing her to fall off, she is not chargeable with contributory negligence. Pryor, J., dissenting.

**3. DAMAGES—MENTAL SUFFERING.**

Damages for mental suffering may be recovered as incidental to physical pain.

Appeal from trial term.

Action by Mary Demann against the Eighth Avenue Railroad Company for personal injuries alleged to have been sustained by a fall from defendant's street car. The court charged that plaintiff might recover "for any mental suffering and anguish they found to be the direct and natural result of the accident." From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Joseph Kling, for appellant.
W. A. Purrington, for respondent.

BISCHOFF, J. As to the manner in which the accident, the subject of this suit, occurred, the plaintiff's testimony furnished the sole evidence, all knowledge of the matter being denied by the defendant; and the main point raised upon this appeal is that the evidence failed to establish the fact that plaintiff was a passenger upon one of the defendant's cars when her injuries were sustained. The plaintiff did not directly state that she boarded an Eighth avenue car, or a car in Eighth avenue, nor that she was thrown from a car on the line of the defendant's route; her testimony being merely that she "went right to the corner, and took the car." It appears that upon this occasion she left her place of employment, situated on Fourteenth street, between Seventh and Eighth avenues, and proceeded up town upon the car which she boarded; yet should we concede, in the absence of proof, that Eighth avenue formed the only immediate intersection with Fourteenth street where a line of cars proceeding up town was operated, the testi-

mony considered would be entirely consistent with the fact that the plaintiff went, without loitering, to any particular corner of that street where a car going in the desired direction might be found; and, while an inference might be drawn that she had the corner of Eighth avenue in mind while testifying, we should be disinclined to hold this sufficient, without more, to charge the defendant company.    Other evidence appears, however, which is sufficient to support the verdict upon this point.

During the cross-examination of the plaintiff's witness Duffy, defendant's counsel produced a letter written by the witness to the defendant regarding the accident in question, and offered it in evidence.    This letter was received in evidence, without limitation; and the further cross-examination was devoted merely to showing a discrepancy between certain dates as given.    In this document appeared a statement that the plaintiff "was thrown from one of your cars," and the witness was in no way examined concerning the statement for the purpose of explaining it or altering its effect. As it stood, then, it was properly evidence in support of the plaintiff's case (Helwig v. Insurance Co., 132 N. Y. 331, 30 N. E. 834); and so to be weighed by the jury as against certain testimony relied upon by the defendant in support of a contrary inference, towards which it is now claimed that the evidence preponderated. This evidence was, in one instance, the testimony of the plaintiff that the conductor in charge of the car wore "one of those light baseball caps"; whereas the defendant's witness testified that the conductors in its employ wore dark-colored caps, the conductors of the Ninth avenue road wearing those of a straw color.    The remaining evidence upon which stress is laid was that the plaintiff has herself made a complaint, concerning this accident, at the stables of the Ninth avenue line.    In view, however, of the fact that the word "light" could well have been intended to designate the texture of the material, rather than its color, and that the plaintiff's application to another railway company could reasonably be viewed by the jury as a mistake, which was properly rectified upon its discovery, they taking into consideration the degree of intelligence attributable to the plaintiff, we are not inclined to disturb the determination reached.

We find no force in the argument that, upon the facts testified to, no negligence on the part of defendant's servants was shown, and that the plaintiff was chargeable with contributory negligence. As the car slowed down at plaintiff's signal that it was her intention to alight, she placed herself in a position which the jury could well find was not dangerous under the existing conditions, the continuance of which conditions, until the final stoppage of the car, the plaintiff had the right to expect in so far as it depended upon the exercise of reasonable care on the part of defendant's servants.    The unlooked-for movement of the car, which caused the plaintiff to loosen her hold, was due to the acts of the individuals managing it, and these acts were negligent; for the conductor.

having been warned by the plaintiff of her intention, and having given the signal which resulted in the diminished speed of the car as it approached a standstill, was not justified in occasioning the resumption of speed until the passenger had alighted; and assuming, as contended, that he mistook plaintiff's further signals after the car had failed to stop for a considerable space past the crossing where the signal of the driver had been given, and considered that she had changed her intention, still the defendant is chargeable with the negligence of the driver, who failed to obey the signal to stop given by the conductor, and merely decreased the speed of the car, thereby inviting plaintiff to assume the position which resulted in her injury. See Ganiard v. Railroad Co., 50 Hun, 22, 2 N. Y. Supp. 470; Id., 121 N. Y. 661, 24 N. E. 1092; Medler v. Railroad Co. (City Ct. Brook.) 12 N. Y. Supp. 930; Id., 126 N. Y. 669, 27 N. E. 854.

In view of the evidence as to the suspended, if not destroyed, earning capacity of the plaintiff, and the previous extent of that capacity, together with the expert testimony regarding the nature and probable result of her injuries, we are satisfied that the award of damages was not beyond the proper province of the jury to make.

The exception to the court's charge that mental pain and anguish could be considered as elements of damage presents no error (Caldwell v. Railroad Co., 7 Misc. Rep. 67, 27 N. Y. Supp. 397); nor does the one general exception taken to the charging of plaintiff's requests (Adams v. Steamboat Co., 9 Misc. Rep. 25, 29 N. Y. Supp. 56; Huerzeler v. Railroad Co., 139 N. Y. 490, 34 N. E. 1101); and the other points raised by appellant are met by the views above expressed. The judgment should be affirmed, with costs.

BOOKSTAVER, J., concurs.

PRYOR, J. (dissenting). I am not satisfied that the verdict is supported by sufficient evidence of the defendant's negligence or of the plaintiff's nonnegligence. It is neither clear that the conductor knew or should have known the precarious position of the plaintiff, nor that he understood or should have understood her motion as a signal to stop. The position she had assumed was evidently insecure; and that position, as much as the accelerated movement of the car, was the cause of her fall. The damages, too, I believe to be excessive. There should be another trial of the cause.