ular portion of the evidence was, no doubt, hearsay, but that ground of objection was not taken.

We do not find any errors requiring the disturbance of the verdict in this case, and the judgment will be affirmed, with costs.    All concur.

(19 Misc. Rep. 141.)

## SCHALSCHA v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department.    January 25, 1897.)

1. CARRIERS—INJURY TO PASSENGER—SUDDEN START.
    Negligence is a question for the jury, where a street car was started suddenly, and without warning, while a passenger had his foot on the step, and before he had time to get on the car.

2. SAME—NEGLIGENCE—PROXIMATE CAUSE.
    Negligence in suddenly starting a street car while a passenger is getting on the step is the proximate cause of an injury to a violin carried by him, which struck against a pillar beside the track as he was thrown to one side by the jerk of the car in starting.

3. DAMAGES—NEGLIGENT INJURY TO PROPERTY.
    The damages allowable for negligent injury to property include the cost of repairing it, compensation for loss of the use of it while it is being repaired, and the difference between the value after the repairs and that before the injury.

Appeal from Ninth district court.

Action by Frederick W. Schalscha against the Third Avenue Railroad Company to recover for negligent injury to personal property. From a judgment entered on a verdict in favor of plaintiff, defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson (H. W. Mayer, of counsel), for appellant.

Maas & Goldberg, for respondent.

McADAM, J.    The action was to recover $99.99, damages alleged to have been sustained by the plaintiff through the negligence of the defendant.    According to the proofs of the plaintiff (a professional violinist, and a member of the Damrosch orchestra), it appears:    That on the night of June 24, 1896, he was in company with one Hatch.    That, at Third avenue and Eighty-Second street, Hatch signaled to the gripman of an open car of the defendant to stop. That the signal was answered, and the car came to a complete standstill.    Hatch boarded the car first.    The plaintiff followed him, and grasped the stanchion of the car at the same aisle.    He placed one foot on the car, but before he could get the other foot thereon the conductor started the car.    The jerky movement of the car in starting threw the plaintiff to one side, and his violin case struck against a pillar of the elevated railroad, tearing the box apart, and splitting and otherwise injuring the violin.    The proof of these facts was sufficient to justify the jury in finding negligence on the part of the defendant, making it liable, for "the carrier must allow a passenger a reasonable time to get on and off the car; and if, while doing so, the car is started suddenly, and so as to produce a jerking

motion, it is, in and of itself, an act of carelessness." Ganiard v. Railroad Co., 50 Hun, 22, 24, 2 N. Y. Supp. 470, 471, affirmed 121 N. Y. 661, 24 N. E. 1092. And see Kinkade v. Railroad Co., 9 Misc. Rep. 273, 29 N. Y. Supp. 747, affirmed 149 N. Y. 615, 44 N. E. 1125; Morrison v. Railroad Co. (Sup.) 8 N. Y. Supp. 436; Demann v. Railroad Co., 10 Misc. Rep. 191, 30 N. Y. Supp. 926; Paetzig v. Railroad Co., 12 Misc. Rep. 573, 33 N. Y. Supp. 854; Medler v. Railroad Co. (City Ct. Brook.) 12 N. Y. Supp. 930.

The defendant offered evidence, contradicting the plaintiff, to show that he did not meet with any accident while getting into the car, but while voluntarily exchanging seats after he had got in. The conflict presented a question of credibility, which was properly sent to the jury, and in respect to which their finding should be accepted as conclusive. The defendant did not request the direction of a verdict in its favor, and took no exception to the charge of the justice, which fairly submitted the issues to the jury for determination.

The jury, finding negligence on the part of the defendant, and the absence of any contributory act on the part of the plaintiff, rendered a verdict in his favor for the amount claimed. The injury to the violin by the pillar of the elevated structure was the direct consequence of the defendant's negligence, and the proximate cause of the injury. Cooley, Torts (2d Ed.) p. 73 et seq.; Scott v. Shepherd, 3 Wils. 403, 2 W. Bl. 892; Clark v. Chambers, 3 Q. B. Div. 327; Vandenburgh v. Truax, 4 Denio, 464; Railway Co. v. Kellogg, 94 U. S. 469; Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. 608; Ryan v. Miller, 12 Daly, 77, affirmed 99 N. Y. 665; Jex v. Straus, 122 N. Y. 293, 297, 25 N. E. 478.

The next question is as to the damages awarded. The general rule, in actions for injury to property not caused by malice, is compensation commensurate with the loss; and this embraces the expense of restoration of the property to soundness, compensation for the loss of it during the period of disability, and the difference between its value before the injury and after the cure or repair. 2 Sedg. Meas. Dam. (8th Ed.) §§ 545, 592; Hutton v. Murphy, 9 Misc. Rep. 151, 29 N. Y. Supp. 70. Indeed, it would be difficult to arrive at the correct amount of damages until the article has been gone over by skillful hands to find whether it is reparable wholly or in part. The expert, Mullenhauer, testified that he was familiar with the violin, and that before the accident it was worth $250 to $300; that the break caused by the accident was quite serious; that the reasonable cost for restoration to soundness was from $25 to $35; that the violin had been properly repaired, but that, by reason of the crack, it had lost vibration, and had a muffled tone; and that its depreciation in value was from $100 to $125.

The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.