(20 Misc. Rep. 31.)

### CONNELLY et al. v. RIST et al.

(Supreme Court, Trial Term, New York County. March, 1897.)

1. NEGLIGENCE—PROXIMATE CAUSE—ACTS OF FELLOW SERVANTS.

Defendants, who owned a marble-sawing yard, let some of their saws to one T., who conducted an independent business in the yard. Decedent and other employés of T. undertook to remove some of T.'s marble slabs, but found a piece of defendants' marble in their way, though it was lawfully in its place, and was secure from ordinary interference. In raising a slab with a derrick, it swung against defendants' piece of marble, and knocked it over on decedent. *Held*, that the acts of decedent's fellow servants were the proximate cause of the injury.

45 N.Y.S.—21

**2. SAME—CONCURRENT CAUSES.**

In such case the rule that, if damage results from concurrent wrongful acts of two persons, such persons may be held jointly or severally liable for the injury, does not apply, because the piece of marble which fell on decedent was lawfully in its place, and secure from ordinary interference, and therefore there were no concurrent wrongful acts.

Action by Ellen T. Connelly, as administratrix, and Thomas Connelly, as administrator, against Frederick Rist and others, to recover damages for the death of plaintiffs' intestate, alleged to have been caused by defendants' negligence. Complaint dismissed.

C. Fine, for plaintiffs.

Lawrence & Buckley, for defendants.

McADAM, J. There is no controversy as to the facts. Defendants, who are partners, keep a marble-sawing establishment at Nos. 456 to 466 Cherry street, New York City. Another firm, Taber & Co., hired from defendants four gangs of saws, with steam power necessary to operate them, and in this manner Taber & Co. ran a business independent of the defendants in the defendants' yard. On March 24, 1890, the decedent and other employés of Taber & Co. undertook to remove some slabs which had been sawed from the marble of that firm, but found that by reason of a large block of marble (hereinafter called for convenience of reference "No. 1") belonging to the defendants, standing near one of the doors, they could not bring out the slabs without removing another piece of marble (hereinafter called "No. 2"), which stood about 18 inches from No. 1, the latter being in a position it had occupied for the preceding six months. In order to prepare for getting the slabs out, four of the employés of Taber & Co. used a bridge overhead, and, by means of a derrick operated by hand power, commenced to raise No. 2. The decedent was in the yard, preparing a place to locate this stone. While raising No. 2, it oscillated, and struck against No. 1 with such force that the swing southward knocked block No. 1 upon the decedent, killing him. Both pieces of marble were heavy, and perfectly safe in the monumental positions they occupied. The one yielded to the superior power of the derrick employed to raise it, and the other to the immense force of the piece swung against it by the derrick. The piece of marble which did the damage was lawfully in the position it occupied, secure from ordinary interference, and free from danger; and, but for the acts of the decedent's fellow servants (all employés of Taber & Co.), the accident would not have happened. On what conceivable legal principle can the defendants be held for the consequences of such an injury? Whether the defendants owed the decedent a duty is not material, for they neglected none. If the marble had been piled negligently, so that by ordinary contact it had fallen on the deceased, something approaching liability might have been established; but such is not the case. The intervening and independent acts of the decedent's fellow servants, performed for the benefit of Taber & Co., threw the marble over, and, if there was any want of care, it was on their part. Their acts were the proximate cause of the injury, and with them the defend-

ants had no privity or concern; without them no damage would have resulted. True, if the marble had not been there, or the decedent had not been working near it, he might not have been injured; but these circumstances do not of themselves make the defendants the responsible cause of his death. If a person sustains damage by the wrongful act of another, he is entitled to a remedy; but to give him that title two things must concur: damage to himself, and a wrong committed by the party sought to be charged. The doctrine of the authorities is that a defendant is responsible for the natural and proximate, and not for the remote, consequences of his intervening acts. If a subsequent and distinct cause, intervening after that for which the defendant is responsible, has been productive of injury, and, but for that no injury would have been sustained, the defendant is not responsible. To the proximate cause we may usually trace consequences with some degree of assurance; but beyond that we enter the field of conjecture, where uncertainty renders the attempt at exact conclusions futile. Cooley, Torts (2d Ed.) 73, 74. In determining what is proximate cause, the true rule is that the injury must be the natural and necessary consequence of the defendant's acts (Ryan v. Railroad Co., 35 N. Y. 210; Railroad Co. v. Reeves, 10 Wall. 176); such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act. The court, in Jex v. Straus, 122 N. Y. 301, 25 N. E. 480, said: "The law requires that the injury must proceed so directly from the wrongful act that, according to common experience and the usual course of events, it might, under the particular circumstances, have reasonably been expected." It is requisite, not only that damage should be suffered, but this damage must be the legitimate sequence of the thing amiss. The maxim of the law applicable is that the proximate, and not the remote, cause of any event is regarded. "In jure non remota causa sed proxima spectatur." Broom, Leg. Max. 165. And in the application of the maxim the law rejects as not constituting the foundation for an action that damage which does not flow proximately from the act complained of. The proximate cause here was clearly the acts of the three fellow servants of the decedent, all of whom were employés of Taber & Co.

The plaintiffs invoke the rule that, if the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts or neglects may be deemed the proximate cause, and the parties held responsible jointly or severally for the injury, as where the passengers of one carrier are injured by collision with the cars of another when both are at fault. Cooley, Torts (2d Ed.) 90; Jung v. Starin, 12 Misc. Rep. 362, 33 N. Y. Supp. 650; Chapman v. Railroad Co., 19 N. Y. 341; Colegrove v. Railroad Co., 20 N. Y. 492; Webster v. Railroad Co., 38 N. Y. 260; Barrett v. Railroad Co., 45 N. Y. 628; 2 Thomp. Neg. 1088; 4 Wait, Act. & Def. 710; Creed v. Hartmann, 29 N. Y. 591; Roberts v. Johnson, 58 N. Y. 613; Kain v. Smith, 80 N. Y. 458, 468; 1 Shear. & R. Neg. (4th Ed.) § 122. The principle is inapplicable here, for there are no concurrent wrongful acts to which it may be applied. If the defendants had piled

their marble in the public highway (an act which would have consti-
tuted a species of nuisance), and it had been thrown down by the
negligence of a stranger, any one injured by the falling of the
marble might, perhaps, have held the defendants upon the ground
that their act was illegal and negligent, rendering such an injury
probable, and therefore such wrongful act concurring with the neg-
ligence of the stranger was the direct and proximate cause of the
injury. Pastene v. Adams, 49 Cal. 87; Powell v. Deveney, 3 Cush.
300; Webster v. Railroad Co., 38 N. Y. 260; Sheridan v. Railroad
Co., 36 N. Y. 39; Metcalf v. Baker, 11 Abb. Prac. (N. S.) 431. The
predominating requisite to fix liability is absent here. The marble
of the defendants was legally in their yard, piled in a manner that,
according to the ordinary course of events, it could not injure any
one, and the fatality was not a consequence which might or ought
to have been foreseen by the defendants as likely to flow from their
act. Dangers created by the use of the derrick in hoisting should
have been guarded against by the employés of Taber & Co. when
they set that machine in motion. They could not have been antici-
pated by the defendants, who had neither knowledge nor notice of
what was going on. From the time of the celebrated squib case
(Scott v. Shepard, 2 Wm. Bl. 892) courts have held that the acts of
the original tort feasor are regarded until their physical effect
ceases. See Ryan v. Miller, 12 Daly, 77, affirmed 99 N. Y. 665;
Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. 608. The doctrine is
founded on the nature of the wrong, which is calculated to do the
thing that happened, and is illustrated in a number of cases. In
Earl v. Crouch (Sup.) 10 N. Y. Supp. 882, 16 N. Y. Supp. 770, af-
firmed 131 N. Y. 613, 30 N. E. 864, a person engaged in constructing
a house in the city of Rochester piled a quantity of lumber in the
street in such a negligent manner that it fell upon a child, and
caused its death. In Dunn v. Ballantyne, 5 App. Div. 483, 486, 38
N. Y. Supp. 1102, pipes piled in a bulkhead fell, and injured the
plaintiff. In both cases liability was enforced. So where bricks
and building material are piled upon the sidewalk or street in such
a manner as to imperil passers-by, or wagons or other obstructions
are placed thereon, and a person in the exercise of proper care is
injured by them. In these cases the danger ought to have been
foreseen and guarded against by those making such use of public
thoroughfares, and such persons may become liable to any one in-
jured thereby, even if there be intervening causes. It is not so
here. The defendants committed no wrong, and were in no sense
guilty of negligence. There is no legal principle on which they can
be linked to the fellow employés of the decedent or to Taber & Co.,
so as to make them liable in any manner for their acts. In Reilly
v. Construction Co., 3 App. Div. 363, 38 N. Y. Supp. 485, the plain-
tiff was an employé of T. J. Castin & Co., who were constructing a
building in which the defendant was placing iron beams. There
was a pile of bricks resting on a platform of plank, placed there by
Castin & Co. The defendant's servants were working on a derrick
near the pile of bricks. The derrick struck the pile, and knocked
one of the bricks down. It fell on the plaintiff, and the defendant,

the owner of the derrick and employer of the workmen thereon, was held liable for the injury. There was not even a suggestion that Castin & Co., who piled the bricks, could, under any circumstances, be liable for the injuries. Even if the decedent and the other employés had been servants of the defendants, the fact that the place where their services were being performed became unsafe during the progress of their work, resulting from the manner in which the work was done by co-employés, would have furnished no ground for charging the defendants with liability for personal injuries occasioned by the unsafe condition thus produced. Smith v. Transportation Co., 89 Hun, 588, 35 N. Y. Supp. 534; O'Connell v. Clark, 6 App. Div., at page 36, 39 N. Y. Supp. 454; Collins v. Crimmins, 11 Misc. Rep. 24, 31 N. Y. Supp. 860; Bagley v. Gas Co., 5 App. Div. 432, 39 N. Y. Supp. 302. However unfortunate the accident, the underlying principle remains that there is nothing to place responsibility for the misfortune upon the defendants. They did not, by any act or omission of theirs, cause the decedent's death, or in any legal sense contribute to it,—a conclusion which requires the dismissal of the complaint.

Complaint dismissed.