(48 Misc. Rep. 80)

### PACKARD et al. v. HESTERBERG, Sheriff.

(Supreme Court, Special Term, Oswego County. July, 1905.)

1. SHERIFFS—FAILURE TO SEIZE PROPERTY—ACTION—VENUE.

A complaint alleging failure of defendant, sheriff of K. county, to seize chattels located in K. county as commanded by a warrant of seizure, constitutes a cause of action arising in K. county, which, under Code Civ. Proc. § 983, should be tried in that county.

2. VENUE—CHANGE—AFFIDAVIT OF MERITS.

Change of place of trial to the county where the statute requires it to be tried may be asked as a matter of right, and an affidavit of merits is unnecessary.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, § 109.]

Action by Nathan J. Packard and Levi Levy against Henry Hesterberg. Motion to change place of trial. Granted.

Charles H. Hyde (Irving D. Vann, of counsel), for the motion.
William Rosenbloom, opposed.

WRIGHT, J.   The complaint alleges that the defendant, as sheriff of Kings county, neglected for a period of more than nine months to seize certain chattels located in Kings county, as commanded by a warrant of seizure granted by the county judge of Onondaga county, and that said sheriff failed to make a return to the county of Onondaga. The motion to change the place of trial from Onondaga county to Kings county must be granted.   The alleged failure to seize the chattels constitutes a cause of action arising in Kings county, which, therefore, must be tried in that county.   Code Civ. Proc. § 983.   The inventory must be filed in the county where the property is attached (Id. § 654); that is, in Kings county.   The complaint does not allege that this has not been done.

The objection to the affidavit of merits is not forceful.   Change of place of trial to the county where the statute requires it to be tried may be asked as a matter of right, and an affidavit of merits is unnecessary.   Iron National Bank v. Dolge, 46 App. Div. 327, 61 N. Y. Supp. 680.

Motion granted, with costs.

(48 Misc. Rep. 27)

### PHELPS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Oneida County. July, 1905.)

RAILROADS—FIRES—ACTION FOR NEGLIGENCE—COMPLAINT.

A complaint alleging that defendant railroad company negligently and willfully set fire to ignitible material upon the land of T., next adjoining plaintiff's land, at a time of excessive drought, and that the fire spread to and upon the land of plaintiff, which act was the natural and probable result from the wrongful act of defendant, states a cause of action.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1690, 1698.]

Action by Almon C. Phelps against the New York Central & Hudson River Railroad Company.   Demurrer to complaint overruled.

P. H. Fitzgerald, for plaintiff.
Lewis, Watkins & Titus, for defendant.

WRIGHT, J.  The complaint describes the lands of the plaintiff and states:

"That between the above-described land of this plaintiff and the land so occupied by defendant in Annsville, aforesaid, and next adjoining the lands of the plaintiff and defendant, is land owned or occupied by one John Tanner. That on or about May 2, 1903, and during a period of long-continued, great, and excessive drought, the defendant, while running its engines and locomotives on said railroad, and past the premises of said Tanner aforesaid, and past the premises of this plaintiff, negligently, carelessly, and willfully managed its said engines and locomotives, and failed and neglected to employ proper, suitable, and sufficient means to prevent the escape of sparks and fire-burning coals from the engines and locomotives of said defendant, and negligently, carelessly, and willfully threw burning coals and fire from its said engines and locomotives upon the said lands so owned or occupied by said Tanner, and which said sparks, coals, and fire did then and there set fire to the dry grass and weeds and other ignitible and combustible matter upon the land of said Tanner, and from thence spread to and upon the land of this plaintiff, and there totally burned, ruined, injured, and destroyed all the growing timber upon plaintiff's said land. Plaintiff further alleges that after the said fire was so set by defendant, its servants, agents, and employés, upon the land of said Tanner aforesaid, the defendant negligently, willfully, wantonly, and carelessly suffered and allowed the same to escape to and run upon the land of this plaintiff, and to then and there totally burn, ruin, injure, and destroy all of the plaintiff's said growing wood and timber upon said land, to plaintiff's damage and injury in the sum of nine hundred ($900) dollars. The said loss, damage, and injury was not caused wholly or in any part by any negligence, carelessness, or want of care of this plaintiff."

The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

It is urged by the defendant that the damage suffered by the plaintiff was not the immediate result of the negligence of the defendant, but rather the remote result. The case of Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, confines a recovery for damages caused by the spreading of fire negligently started to the owners of lands immediately adjoining those on which the fire originated. In that case certain inflammable material on the defendant's land was ignited by sparks from its locomotives. The fire spread across the lands of several intervening owners for a distance of two miles to and upon the plaintiff's land, causing damages thereto. It was held that the damages were too remote. The court lays down the rule that if a person light a fire upon his own premises, upon which he has maintained inflammable material extending to his neighbor's lands, and the fire, fed by this material, spreads upon the abutting lands, the damage is the proximate result of the act and a liability exists; but this is the limit. See, also, Webb v. R., W. & O. R. R. Co., 49 N. Y. 420, 10 Am. Rep. 389; McCoun v. N. Y. C. & H. R. R. R. Co., 66 Barb. 338. The law will recognize no difference in the result to the injured adjoining landowner, whether the tort-feasor be upon his own land when he sets the fire, which spreads to and upon the immediately adjoining lands, or whether he be upon a stranger's land when he sets the fire which spreads to and upon the immediately adjoining lands. In either case the spreading of the fire to and upon the immediately ad-

joining lands is the natural and probable result of setting it. The wrong consists in the negligent starting of the fire, which is, in both instances, the proximate cause of the resulting damage.

The language of Judge McAdam in Connelly v. Rist, 20 Misc. Rep. 31, 45 N. Y. Supp. 321, is applicable to this case. He says:

"The true rule is that the injury must be the natural and necessary consequence of the defendant's acts (Ryan v. Railroad Co., 35 N. Y. 210, 91 Am. Dec. 49, Railroad Co. v. Reeves, 10 Wall. 176, 19 L. Ed. 909); such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act. The court in Jex v. Straus, 122 N. Y. 301, 25 N. E. 480, said: 'The law requires that the injury must proceed so directly from the wrongful act that, according to common experience and the usual course of events, it might, under the particular circumstances, have reasonably been expected.'"

Under the complaint in this case the defendant negligently and willfully set fire to ignitible material upon the land of Tanner, next adjoining which was the plaintiff's land. That, at the time of excessive drought, the fire would spread to and upon the land of the plaintiff; was the natural and probable result, proceeding directly from the wrongful act of the defendants. It follows, therefore, that the demurrer must be overruled, with costs.

Demurrer overruled, with costs.