WHEELER & HARDING v. TOWN OF TOWNSHEND.

*Highway. Damage.*

Damage occasioned by the loss of the use of a wagon injured by a defect in a highway, during the time of its being repaired, may be recovered in an action against the town.

ACTION ON THE CASE for an injury on the highway to the plaintiffs' wagon. Plea, the general issue. Trial by jury, September term, 1868, BARRETT, J., presiding.

The plaintiffs introduced testimony to prove the injury to the wagon and other proper items of claim—and then offered to testify that they were deprived of the use of the wagon twelve days, while it was being repaired, and that it was a loss to them in their business of five dollars a day. To this evidence the defendants objected; but the court admitted the testimony, and the defendants excepted.

The defendants requested the court to instruct the jury that the plaintiffs could not recover for the injury to their business, occasioned by the loss of the use of said wagon, while the same was being repaired. The court did not so charge, but directed the jury to find specially what sum, if anything, they found to be the damage sustained by the plaintiffs, occasioned by the loss of the use of said wagon for so long a time as it necessarily took to repair it. To the refusal of the court to charge the jury as requested, defendants excepted.

The jury returned a verdict of $71.25, and, by direction of the court, stated, as a part of their verdict, that $28 of that sum was for not having the use of the wagon, during a reasonable time for repairing the same. The court rendered judgment for the full amount of the verdict; to which defendants excepted.

*Abishai Stoddard,* for the defendants.

*Hoyt H. Wheeler,* for the plaintiffs.

The opinion of the court was delivered by
PROUT, J.   This case we are unable to distinguish in principle
from *Whitcomb* v. *Barre,* 37 Vt., 148.   It was put to the jury,
distinctly upon the point of a loss of the use of the wagon injured
during the time it was being repaired, which did not involve the
inquiry as to the loss of profits, meanwhile, in plaintiffs' business.
The jury being thus restricted by the court upon the question of
damages, we think the case referred to must govern us in the de-
cision of this.   The judgment of the county court is affirmed.