## JAY D. MIZNER v. WILLIAM FRAZIER.

*Damages for injury by collision while racing.*

A sulky was run into and broken on a race course and the occupant brought trespass for damages, alleging the sulky to be "then and there lawfully used and driven by" the plaintiff. *Held* that in the absence of a demurrer, the allegation imported that he held as bailee, and so being answerable over, he was entitled to full damages as against a mere wrong-doer,

A horse was run against and injured while racing, and the driver sued for damages in trespass. He testified that he did not own the horse, but had it for the season and was to have fifty cents a day for taking care of it and what he could win in trotting races. *Held* that he was bailee of the horse and bound to the personal trust of taking uninterrupted care of it, and that damages could not be measured by any criterion outside of his strict right of use; as by the hire of its services, since he was not authorized to hire it. Nor could they be measured by the uncertain standard of race winnings. *Held* farther that the only apparent ground of damage was the deprivation of plaintiff's personal use of the horse in exercising it.

Error to St. Joseph. Submitted April 10. Decided April 22.

TRESPASS ON THE CASE for damages by Frazier against Mizner "for that whereas the said defendant, to wit: on the 24th day of May, A. D. 1877, with force and arms, to-wit: at the village of Centreville in said county of St. Joseph, drove a certain horse to-wit: one horse and sulky in which he, the said defendant, was then and

there driving in and along the coursing track of the St. Joseph county fair grounds, with great force and violence upon and against a certain other sulky to-wit: the sulky then and there being lawfully used and driven by him the said plaintiff, of great value to-wit: of the value of one hundred dollars, and in which last mentioned sulky, he the said plaintiff was then and there lawfully riding in and along the said track, and thereby then and there broke to pieces, damaged and spoiled the said sulky so occupied and driven by the said plaintiff, and by means of the premises, he the said plaintiff was then and there cast and thrown with great violence from and out of his said sulky," etc. There were also counts for injuries done to the horse and to himself. Defendant pleaded the general issue. Plaintiff recovered $250 and costs, and defendant brought error.

*S. M. Sadler* and *John B. Shipman* for plaintiff in error. Damages cannot be granted where they cannot be estimated on any reliable basis. *Fitzsimmons v. Chapman*, 37 Mich., 139.

*O. S. Cowles* and *William Sadler* for defendant in error. A bailee has an interest in the property he holds that will entitle him to sue for an injury to it. Edwards on Bailments [2d ed.], 101, 238; Story on Bailments, § 93; 1 Chitty Pl. [8th Am. ed.], 128. Actual damages are recoverable in actions of tort, and may be estimated by the jury according to the evidence. *Gilbert v. Kennedy*, 22 Mich., 129.

GRAVES, J. The parties were on a race course engaged in trotting horses before sulkies, and the horse and sulky employed by Mizner ran against the sulky occupied by Frazier and injured him and the horse and broke the sulky. He sued in trespass and obtained a verdict, and error is charged against some of the proceedings. The general ownership of the horse and sulky was in other parties. His connection with the sulky is very imper-

40 MICH.—75.

fectly described in the declaration, but my brethren are of opinion that as there was no demurrer, it ought to be taken that the allegation imports that he held as bailee, and they also think that as he would be answerable over, he was entitled to full damages as against a mere wrong-doer. His control of the horse appears from his own testimony. He swore that he did not own the horse, but had it for the season and was to receive fifty cents a day from the owner for taking care of it and to have also what he could win with the horse in trotting races. We are not called upon to say whether the law would or would not construe the latter part of this arrangement as not lawful. It is only important now as one of the circumstances to show the precise nature of Frazier's right to the horse and the very strict conditions upon which he held him. And this is quite material, because it is not competent to go outside of the circumscription of his right of use or employment for any criterion of damage recoverable at his suit. Now he held the horse as bailee, but subject to the special terms and with the restricted rights agreed upon. He was not entitled to let him at all, and was bound to personal trust. He was to take uninterrupted care of him. As a consequence he could not claim damage upon any theory of what the horse's services at hire would have been worth in the market, because his right and interest did not include any license or authority to let the horse.

And in the next place it was not competent to estimate and allow damage upon the hypothesis of possible race winnings. Nothing could be more uncertain than a calculation of the fruits of such matters of chance, and any attempt to graduate recovery in a court of law by supposition of what might have happened and what would have been accomplished in horse racing in the course of the season is absurd.

In ruling to allow it, as was the case in admitting evidence and in instructing the jury, the court erred.

The only ground of damage apparent on account of loss of use of the horse is Frazier's deprivation of such reasonable use as he might have had in person in giving the horse proper exercise. And there is no evidence applicable to that view.

No further discussion is necessary. We discover nothing in the case to justify remark upon some other topics noticed in the briefs.

For the error in the rulings in regard to damages, the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.