(112 App. Div. 278)

A. BUCHANAN'S SONS v. CRANFORD CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. HIGHWAYS—USE—CHARACTER OF VEHICLES—FRIGHTENING ANIMALS.

Under Highway Law, Laws 1890, p. 1205, c. 568, § 155, as amended, prohibiting the passage of any vehicle propelled by steam on a highway without some one being sent ahead to warn persons of its approach, where a steam roller was operated in a highway without such warning being given, and as plaintiff's horse was driven in view of the roller suddenly and unexpectedly, and a steam whistle was sounded by the engineer in charge, the horse bolted and ran away, the operator of the steam roller was guilty of negligence.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Highways, §§ 457, 459, 469.]

2. DAMAGES—INJURY TO HORSE—EVIDENCE.

> In an action for injuries caused by the frightening of a horse by the operation of a steam roller on a highway, evidence of the usable value of the horse during the period its owner was deprived of its use by reason of the injuries sustained was admissible.

> [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 280.]

Appeal from Municipal Court of the City of New York.

Action by A. Buchanan's Sons against the Cranford Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

George A. Logan, for appellant.

Henry A. Powell, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered a judgment for damages which are chargeable to the negligence of the defendant. While a horse and wagon of the plaintiff was being driven on one of the public streets in the borough of Brooklyn, the horse became frightened by a steam roller then operated by the defendant in violation of the requirements of section 155 of the Highway Law (chapter 568, p. 1205, Laws 1890, as amended). There was evidence tending to show that there was no one in front of the roller to warn persons of its approach, as required by the statute. The plaintiff's horse was driven in view of the roller suddenly and unexpectedly, and as a steam whistle was sounded by the engineer in charge of the roller the plaintiff's horse bolted and ran away. The evidence in the case was sufficient to warrant the justice in concluding that the plaintiff's driver was free from blame, and the circumstances established negligence on the part of the defendant.

In Mullen v. Village of Glens Falls, 11 App. Div. 275, 42 N. Y. Supp. 113, a horse driven by the plaintiff approached a cross street and was frightened by a steam roller belonging to the defendant and approaching on a cross street. No warning was given of the presence of the steam roller as required by statute, and it was held that the facts were sufficient to justify a verdict in favor of the plaintiff. In Halstead v. Village of Warsaw, 43 App. Div. 39, 59 N. Y. Supp. 518, a steam roller was allowed upon the street after work was suspended for the day. A horse passing the roller shied and ran away, and in an action to recover the resultant damages it was held that a nonsuit was error. The case of Rector v. Syracuse Rapid Transit R. Co., 66 App. Div. 395, 72 N. Y. Supp. 745, relied on by the counsel for the appellant, is not in point, as there the provisions of the statute requiring some one to be sent ahead of the steam roller at a distance of at least one-eighth of a mile were complied with.

The court was not in error in admitting testimony as to the usuable value of the horse during the period the owner was deprived of its use by reason of the injuries sustained. See Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641; and Moore v. Metropolitan St. R. Co., 84 App. Div. 613, 617, 82 N. Y. Supp. 778.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.