more than 10 days before the commencement of the action, it is alleged that said John Cowles "did not faithfully discharge his duties as such commissioner of highways, and did not within 10 days, or at any other time, after the expiration of his term of office, pay over to his successor all moneys remaining in his hands as such commissioner, and did not render to such successor a true account of all moneys received and paid out by him as such commissioner, to the damage of the plaintiff, the town of Hadley, in the sum of seven hundred dollars ($700)." The allegation that Cowles did not within the time above specified pay over to his successor all moneys remaining in his hands as such commissioner is equivalent to saying that he had received moneys, that he had them in his hands after the expiration of his term of office, and that he had failed to pay them over within the time stated. It is further alleged that the damage to the town of Hadley by the breach alleged was $700. While this complaint could well be more specific, we think that the remedy of the defendants for such defect was to move to make it more definite and certain, and that, bearing in mind the rule that upon demurrer all fair and reasonable inferences are to be indulged in to support the pleading (Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384), a cause of action is stated in this complaint.

The interlocutory judgment should be reversed, with costs, and demurrer overruled, with costs, with usual leave to the defendants to plead upon the payment of such costs. All concur.

---

### FOLEY v. FORTY–SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

DAMAGES—INJURY TO PERSONAL PROPERTY—SPECULATIVE DAMAGES.

Where, in an action for injuries to plaintiff's automobile, there was no evidence that he used it for any business purpose whatever, or that he hired any other vehicle to take its place while it was being repaired, an allowance of $150 for loss of the use of the automobile, based on expert testimony as to the value of the use of a vehicle like the plaintiff's, was erroneous, as speculative.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Foley, Jr., against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed on condition.

See 97 N. Y. Supp. 958.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William E. Weaver, for appellant.
Wilcox & Green, for respondent.

DAVIS, J. The plaintiff recovered judgment for $472.44 for injuries to his automobile. Defendant's north-bound car ran into the rear of the automobile as it was also proceeding northward. The plaintiff's damages as allowed by the court included an item of $150 for loss

of use of automobile.  This finding was based upon expert testimony as to the value of the use of an automobile like the plaintiff's.  There was no evidence to show that plaintiff used his automobile for any business purpose whatever.  The inference from the evidence is that he used it for his pleasure and recreation.  It does not appear that he hired any other vehicle to take its place.  Under the circumstances, we think it was error to allow plaintiff to prove this item of $150.  It was highly speculative.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to $322.35, together with interest and costs below, in which case the judgment, as modified, will be affirmed, without costs of appeal.  All concur.

---

FRUHAUF v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.  December 11, 1906.)

1. APPEAL—JUDGMENT OF NONSUIT—REVIEW.

The court, in reviewing a judgment of nonsuit, must place on the evidence a construction most favorable to plaintiff and consider the reasonable inferences that may be drawn therefrom.

2. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1322.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.