FRANK A. CADWELL *vs.* THE TOWN OF CANTON.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An alleged conflict or inconsistency between statements in a charge, which disappears upon a resort to the context and general tenor of the instructions, cannot reasonably be supposed to have misled the jury.

In the absence of a request for a correction of the finding, or a motion to set aside the verdict as against the evidence, the printing of all the rulings and evidence in the case can serve no useful purpose on appeal.

In an action to recover damages for an injury to a road-roller, the rule of damages is the difference between the fair market value of the roller before and its value after the accident, if there be a market value for such a machine; but evidence of the fair cost of repairs necessitated by the injury, less the enhanced value of the roller as repaired, is legitimate evidence of the plaintiff's loss.

The basic principle of the rule of damages in such cases, is just compensation in money for the actual loss sustained.

Argued October 8th—decided October 27th, 1908.

ACTION to recover damages for injuries to a road-roller alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $1,075, and appeal by the defendant. *No error.*

*Noble E. Pierce* and *Emerson R. Lewis,* for the appellant (defendant).

*James E. Cooper,* with whom was *John H. Kirkham,* for the appellee (plaintiff).

HALL, J. At the time of the injury to the plaintiff's property the defendant town was engaged in building a

portion of a State road by contract, under the provisions of § 2087 of the General Statutes and the amendments thereto. The proper completion of the road required it to be rolled with a steam roller. That work was performed with the plaintiff's steam roller, operated by one Arnold, an employee of the plaintiff. While it was being so performed, the roller was backed upon a railroad track, at a grade-crossing, where it was struck by a backing freight train and injured.

The complaint contained two counts. The first alleged that the defendant hired the roller of the plaintiff, and that while in its possession it was injured by the defendant's negligence. The second alleged that it was injured while in the plaintiff's possession under a contract of hire, by which the defendant "agreed to be responsible for the care and safe return of said road-roller."

The agreement regarding the use of the roller and the services of the engineer, in performing the described work, was made by the plaintiff with one Cushing, the first selectman of the defendant town, who had authority to do all that was required in order to properly complete the road.

The plaintiff claimed to have proved at the trial that by said agreement he was not employed to do the work in question, but that the defendant, by said Cushing, hired the roller and the engineer of the plaintiff, and agreed to be responsible for it, as alleged in the second count; and also that the roller was injured through the negligence of the defendant's servants in causing the roller to be driven upon the railroad crossing, without proper precautions having been taken to prevent it from being struck by a passing railroad train.

The defendant claimed to have proved that by the terms of the agreement of hiring the plaintiff was employed by the defendant to do the work of rolling the road in question; that he was to furnish his own roller and engineer;

that if the roller was injured through the negligence of any person, it was through the negligence of the engineer, Arnold, who was in the employ of the plaintiff, and who was controlling and operating the roller at the time of the accident; and that the defendant did not agree to be responsible for the care and safe return of the roller.

The trial court charged the jury that Cushing had no authority to contract with the plaintiff that the town would be "responsible for the care and safe return of the road-roller," and that they should dismiss the second count from their consideration. The defendant claims that the court erroneously withdrew and reversed this ruling, by afterward instructing the jury that "Mr. Cushing, as the agent of the town, would have authority to enter into such an arrangement as the plaintiff claims was entered into with him."

We have no occasion to discuss the correctness of the first of the rulings made by the trial court in these statements to the jury. Assuming, without deciding, that it was right, it is apparent from the context that the two statements were not inconsistent, and that the jury cannot reasonably be supposed to have understood, from the second statement quoted, that they were at liberty to render a verdict for the plaintiff upon the second count. Although it is true that the only "arrangement" which the plaintiff claimed Cushing "entered into with him" regarding the roller included the alleged contract of guaranty, it also contained the contract of hiring. Proof that Cushing made the arrangement claimed by the plaintiff was proof of both agreements. It is entirely clear from the language of the court which precedes, as well as from that which follows, said second statement, that the "arrangement" which the court said Cushing had authority to enter into was the agreement of hiring, and not the agreement of guaranty. Immediately after said second statement, and also later in its charge, the court expressly in-

structed the jury that, to recover, the plaintiff must have established an agreement with the town through its selectman, by the terms of which the control and management of the roller passed from the plaintiff to the town; and also the alleged fact that the roller was injured through the negligence of the servants of the defendant town. The charge upon these points was in substantial conformity to the defendant's requests.

Whether the engineer, Arnold, during the performance of this work, was the agent of the plaintiff or the agent of the defendant, depended upon whether the terms of the agreement of hiring were as claimed by the plaintiff or as claimed by the defendant. Whether the defendant was guilty of the alleged negligence depended upon whether its servants exercised reasonable prudence in operating the roller, and in taking necessary precautions to avoid the accident. Both were questions of fact, and both, under the instructions given, must, by the verdict rendered, have been decided by the jury in favor of the plaintiff. Whether the evidence justified the verdict we are not called upon to decide.

While all the evidence and rulings, comprising some sixty pages, have been printed, upon the defendant's motion under § 797 of the General Statutes, they serve no useful purpose in the record, since there is neither a claim in the appeal for a correction of the finding, nor a motion to set aside the verdict as against the evidence. In *Dennison* v. *Waterville Cutlery Co.*, 80 Conn. 596, 69 Atl. 1022, we said that the purpose of making the evidence and rulings a part of the record, upon the appellant's motion under § 797 of the General Statutes, was to enable him to obtain corrections of the finding asked for in his reasons of appeal.

The finding states that at the trial the plaintiff offered evidence tending to prove that the steam roller was in good condition before the accident, and that after the

accident it was in a worthless condition, and that the damages were as specified in certain letters made a part of the finding and received in evidence, by agreement of counsel, "in lieu of the testimony of the parties whose opinions were stated therein and as evidence of the damage done to the roller." The letters referred to were from plaintiff's attorneys to a manufacturer of steam rollers, and the latter's replies to inquiries by said attorneys in their letters as to the cost of repairing the roller, so as to put it "into the same condition as it was before the accident," and "what Mr. Cadwell's actual damages were," which, it was stated by said attorneys, would be the expense of repairs less the improvement in the machine after the repairs, over its condition at the time of the accident. In said replies the manufacturer also stated the cost of repairing the roller so that it would be "as good as new." The lowest sum named was over $1,400. No other evidence as to the amount of damages, in money, was offered.

The court charged the jury, in substance, that in such a case the rule of damages was the difference between the fair market value of the roller before and after the accident; that the letters were the only evidence before them upon that feature of the case; and that from that evidence, in the exercise of their best judgment, they must determine what that difference was. The verdict was for $1,075. This portion of the charge is one of the errors assigned in the appeal.

Just compensation in money for the actual loss sustained is the basic principle of the rule of damages in a case like this. It is not always necessary in such cases to prove what the property would sell, or could be purchased for in the market, before and after the accident. Such a machine as that owned by the plaintiff may have had no such market value as would fairly measure the plaintiff's real loss. Evidence of the fair cost of the repairs, made necessary by the injury, less the increased value of the

repaired machine, above its value before the accident, was legitimate evidence of the plaintiff's damage; *Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198, 200, 61 Atl. 363; *Pickles* v. *Ansonia*, 76 Conn. 278, 281, 56 Atl. 552; and in the absence of any objection to the evidence of the statements in the letters, and of any request to charge as to its sufficiency, the trial court was justified in supposing that, under the stipulation of counsel, it was agreed that it was proper evidence from which, with the other facts in the case, the jury might fix the amount of the plaintiff's damage.

There are other assignments of error which are so clearly without merit as to require no discussion.

There is no error.

In this opinion the other judges concurred.