(79 Misc. Rep. 250.)

### DONNELLY v. POLIAKOFF.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

DAMAGES (§ 39*)—INJURIES TO AUTOMOBILE—DEPRIVATION OF USE.

Where plaintiff, in his action for damages for injury to his automobile from collision, did not show how it was used in his business, or the profits therefrom, and while it was being repaired did not hire another, but used another automobile of his own, damages for deprivation of its use while being repaired were not recoverable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 260–284; Dec. Dig. § 39.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Donnelly against Samuel Poliakoff. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Kleiner & Kleiner, of New York City, for appellant.

Conway, Williams & Kelly, of New York City (D. Theodore Kelly, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for damages sustained by reason of a collision between his automobile and a truck owned by the defendant. These damages include, not only the cost of repairs, but also a sum allowed for deprivation of the use of the automobile during the time required for these repairs. It

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appears that the automobile was used in the plaintiff's business, but it does not appear in what manner it was used, nor what profits were derived from its use. It further appears that, while the automobile was in the repair shop, the plaintiff hired no other automobile, but used a second automobile belonging to himself. I do not think that, under these circumstances, any damages for the deprivation of the use of the automobile can be allowed.

A judgment for damages must be based upon definite proof, and not upon conjecture. Where an automobile has been injured, the court can award damages for the deprivation of its use while it was in the repair shop only where it is shown that the automobile was used for a business purpose, or that another vehicle was hired to take its place. Bondy v. New York City Railway Co., 56 Misc. Rep. 602, 107 N. Y. Supp. 32; Foley v. Forty-Second Street Railroad Co., 52 Misc. Rep. 183, 101 N. Y. Supp. 780. There is no claim here that any other vehicle was hired to take its place, and the judgment, therefore, must stand or fall upon the proof that it was used in the plaintiff's business. If damages are awarded because the plaintiff was deprived of the use of the automobile in his business, these damages must, of course, be based upon an estimate of loss to his business. There is, however, in this case no claim that the business has suffered any loss; in fact, it affirmatively appears that the plaintiff suffered no loss in his business, for he had another automobile, which he could use in place of the injured automobile.

It follows that the damages are based upon an erroneous theory, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.