## Curtis C. Cook *vs*. Packard Motor Car Company.

First Judicial District, Hartford, May Term, 1914.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Allegations of mere evidence may properly be expunged upon motion; but motions to expunge upon the ground of immateriality and irrelevancy have a very limited scope.

The owner of an automobile which is injured through the negligence of the defendant, may recover substantial damages for being deprived of its use while it is undergoing necessary repairs, whether the car was kept for purposes of business or for pleasure only. In either case the legal ground or basis of recovery is the same, although the amount of damages recoverable in the two cases may be quite different.

It is impossible to lay down a precise and helpful rule respecting the measure of damages applicable in all cases of this character. The owner is entitled, however, to fair and reasonable compensation for the loss of the use of his car, and in the practical application of this principle much will necessarily depend upon the circumstances of each particular case.

Evidence of the rental value of an automobile like the one injured is admissible, not as furnishing a measure of damages, but as tending to prove one of the facts proper to be considered in ascertaining the extent of the plaintiff's injury.

The reasonable wages of a chauffeur, which the plaintiff is obliged to pay while deprived of the use of his car by the defendant's tort, may also be recovered in such an action, if pleaded, provided it is shown that it was customary to employ chauffeurs for stated periods, and that the loss of the chauffeur's services was a natural consequence of the detention of the automobile; and therefore it is erroneous to exclude evidence in proof of these facts.

Argued May 6th—decided December 2d, 1914.

Action to recover damages for an injury to the plaintiff's automobile caused by the negligence of the defendant, resulting in the loss of the use of the car for several weeks, brought to the City Court of Hartford and tried to the jury before *Bullard, J.;* upon motion of the defendant the court directed, and the jury re-

turned, a verdict for the plaintiff for $1, from the judgment upon which the plaintiff appealed. *Error and new trial ordered.*

*Edward W. Broder* and *Lewis A. Storrs*, for the appellant (plaintiff).

*Walter S. Schutz* and *Clarence S. Zipp*, for the appellee (defendant).

BEACH, J.   The first count of the complaint alleged that on July 25th, 1912, the defendant sold and delivered to the plaintiff an automobile, for which the plaintiff paid $5,096; that it was kept at the defendant's garage; that on August 31st, 1912, it was injured through the defendant's negligence; that the plaintiff was thereby deprived of its use and enjoyment from August 31st to October 1st, 1912, and that the use and enjoyment of the car was reasonably worth $10 a day. A second count alleged that before the 31st of August, 1912, the plaintiff had employed one Herman as chauffeur to drive and operate the car, under a contract of employment obligating the plaintiff to pay him $18 a week until October 1st, 1912; that the plaintiff was compelled to pay and did pay Herman $67.50 during the month of September, being his agreed wages, less $12, which was all that Herman was able to earn from other employment, and that the $67.50 had been demanded of and refused by the defendant.

The first paragraph of the complaint, alleging the sale and delivery of the car, was expunged on motion, and the defendant then answered denying all the allegations of the complaint, except the demand and refusal to pay $67.50.

The judgment-file recites that the cause was tried to the jury; that at the close of the plaintiff's evidence

the court, on defendant's motion, directed a verdict for nominal damages only, and that the jury returned a verdict for the plaintiff to recover $1.

The assignments of error relate to the allowance of the motion to expunge, to the exclusion of testimony as stated in the finding, to the direction of a verdict for nominal damages, and to the charge of the court that nominal damages should not exceed one dollar. The evidence and the charge of the court is certified, but there is no assignment of error directed to a correction of the finding, nor is the charge of the court made part of the finding. It follows that the assignments of error for wrongful direction of verdict, and for error in the charge of the court, are not properly presented.

Taking up, first, the assignment of error for allowance of the motion to expunge. The allowance of this motion was erroneous, because it was based solely on the ground of immateriality and irrelevancy. Motions to expunge on these grounds have a very limited scope. *Bitello* v. *Lipson*, 80 Conn. 497, 503, 69 Atl. 21; *Donovan* v. *Davis*, 85 Conn. 394, 398, 82 Atl. 1025. The sale and delivery of the car, the date of the transaction, and the price paid, were not entirely irrelevant or immaterial, in point of logical connection, to the plaintiff's case. But the facts alleged were evidential rather than issuable facts, and the motion might properly have been made and granted on that ground. Moreover, testimony on the point was offered and received, and so the error was quite harmless.

It was conceded at the trial that the defendant had already repaired the injured car at its own expense, and the main issue under the first count of the complaint was whether the plaintiff was entitled to recover for the loss of the use and possession of the car while it was being repaired at the defendant's cost.

In *Brown* v. *Southbury*, 53 Conn. 212, 1 Atl. 819, we held that the loss of the use of a horse injured by a defect in the highway, was a direct and natural consequence of the injury, and was a proper element of damage to be allowed in addition to the depreciation in the market value of the horse. The same rule was recognized, though not applied, in *Fritts* v. *New York & N. E. R. Co.*, 62 Conn. 503, 26 Atl. 347; and is generally received in other jurisdictions. *Wheeler & Harding* v. *Townshend*, 42 Vt. 15; *Shelbyville L. B. R. Co.* v. *Lewark*, 4 Ind. 471, 473; *Streett* v. *Laumier*, 34 Mo. 469; *Johnson* v. *Holyoke*, 105 Mass. 80; *Mizner* v. *Frazier*, 40 Mich. 592, 595; *Latham* v. *Cleveland, C., C. & St. L. Ry. Co.*, 164 Ill. App. 559, 563; *Crossen* v. *Chicago & J. E. Ry. Co.*, 158 Ill. App. 42, 44; *The Atlas*, 93 U. S. (3 Otto) 302; *Williamson* v. *Barrett*, 54 U. S. (13 How.) 101; 1 Sedgwick on Damages (9th Ed.) § 195; 6 Thompson on Negligence, § 7242.

On this appeal the question arises on an exception to the exclusion of evidence of the rental value of the plaintiff's car, on the ground that the plaintiff used and intended to use his car for pleasure only, and not for rent or profit. Stated more generally, the question is whether the right to recover substantial damages for being deprived of the use and possession of a chattel, as the result of a tortious injury to the chattel itself, depends on the character of the use which the owner intended to make of it, during the period of the detention. We fail to see why the character of the intended use should determine the right to a recovery, although it will, of course, affect the amount of recoverable damages. It is clear, for example, that the plaintiff cannot recover the rental value of his car during the period of detention, for such rental value includes a substantial allowance for depreciation and repairs, to which the plaintiff's car has not, in the meantime, been subjected.

It also includes a substantial allowance for the overhead expenses and the profits of carrying on the business of renting motor-cars; and the plaintiff was not engaged in that business. Neither is the plaintiff entitled to the rental value of his car less deductions for these items, for, even if he had been engaged in the business of renting motor-cars, it would not follow, without evidence to that effect, that the car would probably have been rented every day, or for any given number of days.

On the other hand, it is equally clear that such considerations as these affect only the amount of compensatory damages which ought to be awarded in this case, and do not touch the underlying question whether the plaintiff is entitled to compensatory damages so far as they can be ascertained. We think there can be no doubt on this point. An automobile owner who expects to use his car for pleasure only, has the same legal right to its continued use and possession as an owner who expects to rent his car for profit; and the legal basis for a substantial recovery, in case of a deprivation of the use of the car, is the same in one case as in the other. Such an invasion of property right calls for an award of substantial, as distinguished from nominal, damages, and the only difficulty in applying the rule of compensatory damages to cases of this character is the very practical difficulty of estimating the actual damages in money. But the law does not deny substantial damages to one who has suffered a substantial injury, solely on the ground that the injury has not produced, or will not produce, a pecuniary loss. For example, no one would contend that only those plaintiffs whose incomes depended on their earning capacity could recover substantial damages for injuries to person or character. So in this case, the fact that the plaintiff has suffered no pecuniary loss ought not to prevent a recovery proportionate to the actual extent of his injury. It may be

admitted that this record does not disclose the extent of the plaintiff's injury sufficiently to warrant any recovery at all; but it does appear that the issues framed by the pleadings were found in the plaintiff's favor. And it may fairly be assumed that except for the ruling of the court, which cut off all proof of damages other than pecuniary loss, the jury would have been informed as to what use the plaintiff was accustomed to make of his car, how far and for what purposes he was dependent on it, and of such other facts as would have assisted them in forming a just conception of the actual extent of the injury naturally and necessarily inflicted on this plaintiff in consequence of the loss of use of this car. When so informed, the jury would have had no greater difficulty in estimating compensatory damages, under the first count of the complaint in this case, than in estimating compensatory damages for pain and suffering, or for an injury to character when no special damages are pleaded.

Manifestly, no general rule for this class of cases can be laid down, except that the jury should award fair and reasonable compensation according to the circumstances of each case. If the actual injury is trifling, the damages will be small; but in any event they are in the nature of substantial, and not nominal, damages. We conclude that evidence of the rental value of the plaintiff's car was admissible under the first count, not as furnishing a measure of damages, but as one of the facts proper to be considered in ascertaining the extent of the injury.

In reaching this conclusion we have not disregarded the fact that there is some apparent conflict of authority upon the allowance of damages for the mere detention of articles not used, or intended to be used, for profit. The Supreme Court of the United States has held, in the case of a yacht (The Conqueror, 166 U. S.

110, 17 Sup. Ct. Rep. 510), that demurrage for the wrongful detention of a vessel will only be allowed when profits have actually been lost, or may reasonably be supposed to have been lost, and the amount of such profits is proven with reasonable certainty; and the opinion cites several cases in admiralty in which this rule has been laid down. It should, however, be added that the concrete objection in that case was to the allowance of the total rental value of the yacht, without any proof that the owner would or could have rented it; and, also, that the opinion, on page 134, distinctly intimates that some allowance might have been made for the detention, if there had been sufficient evidence that the owner desired to use the vessel during the period of the detention. In New York the Appellate Division has used expressions which may be interpreted as favoring the doctrine that no damages are recoverable for the loss of the use of an article of luxury. In these cases also (with one exception) the objection was to the allowance of total rental value. *Foley* v. *Forty-Second Street Ry. Co.*, 52 Misc. Rep. 183, 101 N. Y. Supp. 780; *Bondy* v. *New York City Ry. Co.*, 56 Misc. Rep. 602, 107 N. Y. Supp. 31; *Donnelly* v. *Poliakoff*, 79 Misc. Rep. 250, 139 N. Y. Supp. 999. In England the question has been settled by two recent decisions in the House of Lords. In *The Greta Holme*, L. R. (1897) App. Cas. 597, it was held that the trustees of the Mersey Docks and Harbor Board were entitled to recover damages for the loss of the use of a dredger, injured by a negligent colliding vessel, although not out of pocket in any definite sum. In *The Mediana*, L. R. (1900) App. Cas. 113, the same board was held entitled to substantial damages for the loss of the services of a damaged lightship during the time that its place was taken by a substituted lightship continuously maintained by the board at its expense for such emergencies.

It was argued that the board paid nothing for the hire of the substitute, and that they were really better off than if there had been no accident, because relieved from the cost of maintaining two lightships during the time when the injured vessel was under repair. But Lord Halsbury pointed out the distinction between the attempt to establish a specific loss of profit on the one hand, and a claim for general damages for the unlawful detention of property on the other; saying that an alleged loss of profit must be proved, and by precise evidence, but that when only general damages are asked for no such principle applies, and that in such case the jury may give whatever they think would be a proper equivalent for the unlawful detention of the thing in question. The Massachusetts court, in *Hunt Co.* v. *Boston Elevated Ry. Co.*, 199 Mass. 220, 236, 85 N. E. 446, although the subject-matter of that suit was not an article of luxury, has adopted with approval the reasoning of the judges in *The Mediana*, L. R. (1900) App. Cas. 113. See also 1 Sedgwick on Damages (9th Ed.) § 243b.

Error is also assigned in the exclusion by the court of evidence of the amount which the plaintiff paid to his chauffeur during the period he was deprived of the use of his car while it was being repaired. It was excluded upon the ground that the damage was too remote. On the record before us it appears that the payments were obligatory, that the detention of the car was wrongful, and that the plaintiff had no use or employment for the chauffeur while the car was being repaired. In effect the ruling of the court was that the plaintiff was not entitled, in an action for the detention of an automobile, to plead and prove as special damage that he was under contract to pay his chauffeur for the period of the detention, that he did pay him, and that the expense was rendered fruitless by the defendant's tort.

We think this ruling was erroneous. The testimony, if admitted, would doubtless have been followed up by evidence that it was customary to employ chauffeurs for stated periods to drive and operate cars such as the plaintiff's, and that the loss of the chauffeur's services was a natural consequence of the detention of the car. In that event the objection of remoteness would have been untenable. It does not follow that the plaintiff would be entitled to recover the agreed wages of his chauffeur, no matter what they were. But he is entitled to recover, upon proper allegations, any reasonable obligatory expenses which have been rendered fruitless as a natural consequence of the defendant's detention of his automobile. Evidence as to the fact and amount of such expenses is admissible in that connection.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion PRENTICE, C. J., and RORABACK, J., concurred.

THAYER, J. (dissenting). The plaintiff appeals from a judgment for nominal damages in his favor. The only finding in the case consists of two short transcripts of testimony which show two rulings of the court to which the plaintiff took exceptions. A transcript of the entire testimony in the case is also made a part of the record. This was improperly made a part of the record, because it does not appear that the court was asked to set aside the verdict as against the evidence, or to correct the finding. The appeal assigns error in the charge, error in the two rulings on evidence above referred to, and error in granting a motion to strike out a paragraph of the complaint. I concur in the opinion of the majority of the court that there was no harmful error in the

last-mentioned ruling, and that the exceptions to the charge cannot be considered by us because the charge itself is not before us, and there is no finding showing that the jury were charged as claimed by the plaintiff.

For a similar reason we cannot find error in the rulings on evidence which were excepted to. It does not appear by the record that those rulings were erroneous. The finding does not show that any testimony was offered tending to prove that the plaintiff was deprived of the use of his automobile by the defendant's negligence. There is nothing in the record tending to show that the car was not capable of use after its alleged injury, or/ that the plaintiff hired another car to replace it. He could not, because of a scratch upon its body or some other slight injury or blemish to the car, refuse to use it, or supply its place with another car and recover damages of the defendant for the loss of the use of his own car or the rental of another. So far as appears the rulings were correct, and must be presumed to be so in the absence of facts in the record showing that they were not so.

The objection to the admission of the evidence offered to show the rental value of a touring car, was upon the ground that the plaintiff's car was a pleasure car from which he derived no profit, and that he did not use his own car after the accident nor try to substitute another for it; and the court sustained the objection. Unless deprived of the use of his car by the defendant, if the car was capable of use, he was bound to use it if he needed to use a car, and evidence to prove the rental value of some other car which he had not used or needed would be immaterial and incompetent. The same is true as regards the offered evidence as to the wages which he paid his chauffeur. The plaintiff could not let his car and chauffeur lie idle and charge the use of

the former and the wages of the latter to the defendant, upon the finding in this case.

I dissent from so much of the majority opinion as holds that the rulings excluding this offered testimony were erroneous.

WHEELER, J. I concur in the result and agree that there was error in the judgment appealed from, but differ with the rule adopted in the majority opinion upon the two questions of evidence passed upon.

The plaintiff sought to recover the value of the use of his automobile, which was damaged while in the care of the defendant in its garage by its negligence, together with the wages of his chauffeur during the period of loss of use of the automobile.

. Error is assigned in the exclusion of the testimony of an expert as to the rental value per day of a car similar to the plaintiff's, because the plaintiff used his car for pleasure and not business purposes, and did not try to substitute another car. As the plaintiff was seeking to recover for having been deprived of the use of his car, through the defendant's negligence, the ruling was that loss of use of personal property devoted to personal enjoyment, caused by another's negligence, could not be recovered where the owner had not in fact rented another car in place of the injured one.

Our law gives just compensation for a negligent injury to personal property; it seeks to place the injured person in as nearly his former condition as is practically possible. *Cadwell* v. *Canton*, 81 Conn. 288, 292, 70 Atl. 1025. In the event of complete destruction, the measure of damages is the value of the property destroyed at the time of destruction with interest therefrom. When the injury is less than a complete loss, the measure of damages is the difference in value between the property before and after the loss, with interest from

date of loss. *Fritts* v. *New York & N. E. R. Co.*, 62 Conn. 503, 510, 26 Atl. 347; *Cadwell* v. *Canton*, 81 Conn. 288, 292, 70 Atl. 1025; *McCook* v. *McAdams*, 76 Neb. 1, 106 N. W. 988; *Louisville & N. R. Co.* v. *Mertz, Ibach & Co.*, 149 Ala. 561, 564, 43 So. 7; *General Fire Extinguisher Co.* v. *Beal-Doyle Dry Goods Co.*, 110 Ark. 49, 160 S. W. Rep. 889, 892; 8 Thompson on Negligence, § 7242.

There is no difference in the rule for measuring damages in cases of complete and partial loss, whether the property be used for profit or pleasure. When the property injured may be repaired, if the repairs will substantially restore the property to its former condition, the cost of such repairs will ordinarily furnish proper proof of the loss. If the repairs will not accomplish this, their cost plus the diminution in value of the injured property will ordinarily furnish proper proof of the loss. *Cooper* v. *Knight*, 147 S. W. Rep. 349, 351 (Tex. Civ. App. 1912). If the repairs will make the property more valuable than it was before the injury, the cost of the repairs less the increased value will ordinarily measure the loss. *Cadwell* v. *Canton*, 81 Conn. 288, 293, 70 Atl. 1025.

If, in addition to the injury to the property, the owner has lost its use for a period of time, as for example during the process of repair, he is entitled to the value of the use of the property during this period; otherwise he will not have received just compensation for his loss, for the use during the period of deprivation is a part of the loss. *Fritts* v. *New York & N. E. R. Co.*, 62 Conn. 503, 509, 26 Atl. 347. In an action for injury to a horse through a defect in a highway, we held that the loss of the use of the horse was the direct and natural consequence of the injury and a proper element of damage. *Brown* v. *Southbury*, 53 Conn. 212, 214, 1 Atl. 819.

This has been the general ruling of the authorities. *New Haven Steamboat & Trans. Co.* v. *Vanderbilt,* 16 Conn. 420; *Wheeler & Harding* v. *Townshend,* 42 Vt. 15; *Shelbyville L. B. R. Co.* v. *Lewark,* 4 Ind. 471, 473; *Streett* v. *Laumier,* 34 Mo. 469; *Johnson* v. *Holyoke,* 105 Mass. 80; *Mizner* v. *Frazier,* 40 Mich. 592, 595; *Latham* v. *Cleveland, C., C. & St. L. Ry. Co.,* 164 Ill. App. 559, 563; *Crossen* v. *Chicago & J. E. Ry. Co.,* 158 Ill. App. 42, 44; *The Atlas,* 93 U. S. (3 Otto) 302; *Williamson* v. *Barrett,* 54 U. S. (13 How.) 101; 1 Sedgwick on Damages (9th Ed.) § 195; 6 Thompson on Negligence, § 7242. A similar rule prevails in replevin; *Adams* v. *Wright,* 74 Conn. 551, 554, 51 Atl. 537; and in trover, *Lewis* v. *Morse,* 20 Conn. 211, 217; and in admiralty, *The H. F. Dimock,* 23 C. C. A. 123, 77 Fed. Rep. 226. These and many other authorities establish the rule that: For negligent injury to personal property the fullest measure of recovery is the difference in value of the property before and after the injury, plus the average or usual value of the use of the property during the period the owner is deprived of its use. As a whole the authorities (except in a few admiralty cases) make no suggestion of a difference in the measure of damage for loss of use of an article of profit and one of luxury. The value of the use is fixed by finding the market value of the use of the property during the period of loss of use. The rental value of the property, if it has one, helps to ascertain the value of the loss of use. *Trout Auto Livery Co.* v. *People's Gas L. & C. Co.,* 168 Ill. App. 56, 60; *Universal Taximeter Cab Co.* v. *Blumenthal,* 143 N. Y. Supp. 1056; *Buchanan's Sons* v. *Cranford Co.,* 112 N. Y. App. Div. 278, 279, 98 N. Y. Supp. 378. But rental value, while evidential, is not conclusive. For the rental value may include, for example, a substantial sum for wear and tear and depreciation. The rental value of an automobile, as is well known, is determined not alone by the value

of the use, but by adding to this a sum for wear and tear and depreciation.

Since compensation for injury to personal property is the cardinal rule for the measure of the damage, there would seem to be no room for affording a recovery for a deprivation of the use of an automobile devoted to business, and denying it to one devoted to pleasure uses. The value of the use of personal property is not the mere value of its intended use but of its present use. The value of an article to its owner, as Sedgwick points out, lies in his right to use, enjoy and dispose of it. These are the rights of property which ownership vests in him, and whether he, in fact, avails himself of his right of use does not in the least affect the value of his use. 1 Sedgwick on Damages (9th Ed.) § 243a. His right to the use of his property is not diminished by the use the owner makes of it. His right of user, whether for business or pleasure, is absolute, and whoever injures him in the exercise of that right renders himself liable for consequent damage. The cases where this point has directly arisen seem to be comparatively few, and, outside of New York, to have been decided in harmony with the general rule. *The Mediana*, L. R. (1900) App. Cas. 113; *The Greta Holme*, L. R. (1897) App. Cas. 597; *Hunt Co.* v. *Boston Elevated Ry. Co.*, 199 Mass. 220, 236, 85 N. E. 446. In two cases in the Supreme Court of New York this distinction has been upheld. *Foley* v. *Forty-Second Street Ry. Co.*, 52 Misc. Rep. 183, 101 N. Y. Supp. 780; *Bondy* v. *New York City Ry. Co.*, 56 Misc. Rep. 602, 107 N. Y. Supp. 31. A later case, *Murphy* v. *New York City Ry. Co.*, 58 Misc. Rep. 237, 108 N. Y. Supp. 1021, 1023, is cited by Sedgwick, § 243b, as reversing these two cases. I think this view is the result of an acceptance of the concurring opinion as the opinion of the court, and overlooks the opinion of the court which supports them. The concurring opinion strongly as-

serts the right of recovery, although the use of the property injured may have been a pleasure use, and attempts to distinguish these cases upon the ground that they furnished no proof that the injured property had a salable value. I think it difficult to clearly see this distinction. Further examination of New York cases would seem to indicate that these two cases were departures from the rule generally adopted in New York, and so to impair their authority. *Schalscha v. Third Ave. R. Co.*, 19 Misc. Rep. 141, 43 N. Y. Supp. 251, 252; *Hutton v. Murphy*, 9 Misc. Rep. 151, 29 N. Y. Supp. 70; *Wellman v. Miner*, 19 Misc. Rep. 644, 44 N. Y. Supp. 417; *Moore v. Metropolitan Street Ry. Co.*, 84 N. Y. App. Div. 613, 617, 82 N. Y. Supp. 778; *Buchanan's Sons v. Cranford Co.*, 112 N. Y. App. Div. 278, 279, 98 N. Y. Supp. 378; *Allen v. Fox*, 51 N. Y. 562, 565; *Jackson Architectural Iron Works v. Hurlbut*, 158 N. Y. 34, 52 N. E. 665.

I think evidence of the rental value of the car was admissible as tending to prove the value of the use, and that the exclusion of this evidence was erroneous.

Error is assigned in ruling out the evidence of the amount which the plaintiff paid his chauffeur during the period he was deprived of the use of his car while it was being repaired. This offer followed the second count, wherein it was alleged that the plaintiff was under contract to pay and did pay his chauffeur during the period the car was being repaired. If the owner receives, for negligent injury to his property, the difference in the value of his property before and after the injury, or the cost of the repairs, if the parties substitute this as the measure of damage to the property, he will receive compensation for the injury to his property. If the injury occasions his loss of its use during the period of its repair, he will receive the equivalent in value of the use, and this sum will enable him to supply him-

self with other property to take the place of his own. The law thus gives him back his property and pays him the value of the use he has lost. This places him in the position of never having lost the use of his property. If the plaintiff lost the use of his car while it was being repaired and received the value of the use of the car, he may with this procure another car and continue to use the services of his chauffeur as he would have done had his car remained uninjured. If he should be permitted to recover, in addition to the loss to the car and the value of the use lost, the wages paid the chauffeur, he would be the gainer by the accident of the wages of the chauffeur; and this would be penalizing the negligence instead of compensating the injured. If the case were one where no other car could be hired, there would be more reason in the claim that these wages were special damages consequent upon the negligent injury. But no claim of this character was, or could be, made in this case. The only instance which I find where a court has passed upon this express claim was in *Dillon* v. *Mundet*, 145 N. Y. Supp. 975, and it was there denied.

The ruling excluding this evidence was in my opinion correct.