NAUGHTON MULGREW MOTOR CAR COMPANY, Respondent, *v.* WESTCHESTER FISH COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

**Damages — rental value of motor vehicles.**

Where one is deprived of the use of an article having a provable rental value, the allowance for such deprivation of use must be measured by such rental value.

In an action by plaintiff, which conducted a taxicab business with a dozen or more cars in service, to recover for the damage to one of its cars, resulting from the alleged negligence of the

defendant, the correct rule of damages is the rental value of the car while undergoing repairs.

The case was tried without a jury, and over defendant's objection and exception it was shown that the average daily gross earnings per car were twelve dollars; that the average daily expense per car was five dollars and eighty cents; and that the average daily net earnings per car were six dollars and twenty cents. The trial judge multiplied this last sum by the number of days the car was out of service and gave judgment in favor of plaintiff accordingly. No attempt was made to show that it was not possible to fix the amount of plaintiff's loss, due to the deprivation of use of the car, by the measure of its rental value during the period of deprivation. *Held,* that the measure of damages adopted could not be sanctioned and that the judgment should be reversed and a new trial ordered.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff, after trial by the court without a jury.

Julian S. Eaton (Harry B. Bradbury, of counsel), for appellant.

Wing & Wing (Arthur K. Wing, of counsel), for respondent.

Mullan, J. The plaintiff has had a recovery for the negligence of the defendant, resulting in an injury to plaintiff's taxicab. We think there was sufficient evidence of negligence, and as there was no claim of contributory negligence, it remains merely to consider the appellant's contention that an item of the damage award was incorrectly allowed. The questioned item was included in the award as representing the loss sustained by the plaintiff while the car was undergoing repairs, and was thus of necessity out of use.

The plaintiff conducted a taxicab business, and had

a dozen or more of these cars on hand and in service. It was shown, over objection and exception, that the average daily gross earnings per car were twelve dollars; that the average daily expense per car was five dollars and eighty cents; and that the average daily net earnings per car were six dollars and twenty cents; and the learned trial court multiplied this last sum by the number of days the car was out of service, and thus arrived at the figure questioned. There was no attempt to show that it was not possible to fix the amount of plaintiff's loss due to deprivation of use of the car, by the measure of its rental value during the period of deprivation. We find it impossible to sanction the measure of damages adopted.

The respondent cites only one case, *Donnelly* v. *Poliakoff*, 79 Misc. Rep. 250, in which this court disallowed " a sum allowed for deprivation of the use of the automobile during the time required for these repairs " (it not being disclosed by the opinion how the sum in question was proved), and then stated that as no vehicle was hired in place of the damaged car the plaintiff was under the necessity of proving " damages * * * based upon an estimate of loss to his business," and that it was shown that he had suffered no such loss. We are unable to acquiesce in the view apparently adopted in that case, as we think it is a departure from the general rule of wide application that ordinarily prevents the recovery of uncertain and speculative gains. *Griffin* v. *Colver,* 16 N. Y. 489.

The practice has obtained in these damaged vehicle cases of allowing the cost of the actual hire of another vehicle similar to that damaged; and this custom has prevailed, we think, largely because that measure of damage is rarely objected to. We think the correct rule would be to allow the rental value of the car, irrespective of whether another car had actually been

Appellate Term, First Department, January, 1919. [Vol. 105.

hired to take the temporary place of the car damaged and undergoing repairs. When a seller fails to deliver goods purchased of him, the measure of damages, where the market rule applies, is based on the market itself, and not on whether the buyer goes into the market and buys; indeed, proof of the latter must be excluded, if objected to. We can see no reason why the rule in cases such as this should not accord in that respect with the rule in the sales of goods cases. A variant of the same rule is found in the explanation by the Court of Appeals of the decision in *Blanchard* v. *Ely*, 21 Wend. 342. There the question was whether the buyers of a boat in good condition, which was delivered in bad condition, could recover for the loss of four trips, each of which, under the proofs, would have produced a net gain of a definite sum; and it was held that such losses were not recoverable. The holding was approved in the leading damage case of *Griffin* v. *Colver, supra,* where it was said (p. 496) that had the buyers '' taken the ground that they were entitled to recoup, not the uncertain and contingent profits of the trips lost, but such sum as they could have realized by chartering the boat for those trips, I think their claim must have been sustained.''

To both contract and tort cases there is equal applicability of the doctrine of general damage that is designed to compensate the aggrieved party by placing him in the same money situation that he would have occupied had he had no cause for complaint, in so far as that may be possible without resort to speculation. What the owner of a damaged car loses by being deprived of its use is what such a car can be rented for. What he pays for the hire of a car to take its place is probably, as a general thing, about what he could have obtained by letting his own car out before it was damaged, although proof of his actual hiring is

technically incorrect (*Murphy* v. *New York City R. Co.,* 58 Misc. Rep. 237), for the same reason that a complaining vendee of undelivered goods must show what he was theoretically obliged to do, and not what he actually did do.   Surely it would be unjust to compel the owner of the car to hire another car in order to entitle him to claim compensation for the loss of the use of his own car.   He might, for example, not be financially able, or have sufficient credit to hire a car. We are confirmed in our view by the opinions in the following cases, which seem clearly to indicate that when one is deprived of the use of an article that has a provable rental value, the allowance for such deprivation of use is to be measured by rental value.   *Allen* v. *Fox,* 51 N. Y. 562; *Redmond* v. *American Mfg. Co.,* 121 id. 415; *Volkmar* v. *Third Avenue R. R. Co.,* 28 Misc. Rep. 141; *Murphy* v. *New York City R. Co.,* 58 id. 237; *Jessup* v. *Platt,* 76 id. 466; *Cardozo* v. *Bloomingdale,* 79 id. 605.

With the observation in the *Donnelly* case to the effect that the owner of the damaged vehicle could not recover in any form for deprivation of use except upon a showing that his vehicle was needed at the time for use in his business, we have no present concern except to say that in so far as the reasoning underlying such a doctrine may be deemed to conflict with the views we feel compelled to express for the purpose of the decision in this case, we are not prepared to adopt it.

It seems to us that to fix the loss due to deprivation of use by an allowance of rental value would, in the vast majority of cases such as this, work complete justice.   As Judge Selden said in the *Griffin Case, supra* (p. 497):   " Rents are graduated according to the value of the property and to an average of profits arrived at by very extended observation; and so accurate are the results of experience in this respect that

rents are rendered nearly if not quite as certain as the market value of commodities at a particular time and place." Difficulties of proof may in certain cases be encountered, such, for example, as may possibly be caused by the uncertainty of the duration of the letting while the car is being repaired, but such considerations have to do rather with probative values than with the theory of the rule.

We do not feel called upon to express, at this time, any opinion upon the subject of the rule of damage that is to be applied where it is shown that there is no hiring demand, as we think it probable that such a vehicle as we are here dealing with is at all times sufficiently in demand for hire in this city to make it possible to present the needed proof of rental value. Our references to hiring are, of course, to contracts for hire for definite periods, as by the day or the week or the month. The " trips " of the vessel in the *Blanchard Case, supra,* obviously are dissimilar to the occasional and casual use of a taxicab by one who hires it to ride in it, and not to operate it for gain. For the reasons stated there must be a new trial.

Guy and Weeks, JJ., concur.

Judgment reversed, and new trial ordered, with thirty dollars costs to appellant to abide event.