Kelby, J.
The defendant rested its case on the plaintiff’s case. The evidence adduced on the trial made out a prima facie case of negligence of the defendant, and the question of liability was properly passed upon by the court below.
The damages awarded plaintiff were $80.50, the reasonable value of the necessary repairs made to plaintiff’s automobile, and, in addition, the sum of $100, damages awarded to the plaintiff for being deprived of the use of his automobile for ten days, the period of repair.
The appellant contends that the award of the $100 item of damage is improper and that it should be disallowed by this court on this appeal. The plain-tiff testified on the trial that he used his automobile in both his business engagements and social engagements. Conceding, for the purpose of argument, that the plaintiff’s car was used entirely for pleasure purposes, the question is squarely before the court as to what is the measure of damages to be allowed the owner of an automobile used for pleasure purposes, when he is deprived of this use by the wrongful act of a defendant.
The appellant cites three cases in the Appellate Term of the Supreme Court in the first department, namely: Bondy v. New York City R. Co., 56 Misc. Rep. 602; Donnelly v. Poliakoff, 79 id. 250; Foley v. 42nd Street, M. & St. N. Ave. R. Co., 52 id. 183. These cases are authority for the general statement that no award of damages for loss of use of an automobile can be made to the owner of the automobile which has been injured, unless it is shown that the *191 automobile was used for a business purpose and that another vehicle was hired to take its place.
The cases just cited are not in entire accord with other cases in the same court, and are at variance with the rule generally adopted not only in Mew York but in all other jurisdictions.
In the case of Naughton Mulgrew Motor Car Co. v. Westchester Fish Co., 105 Misc. Rep. 595, the same Appellate Term held that: “ It would be unjust to compel the owner of the car to hire another car in order to entitle him to claim compensation for the loss of the use of his own car.” In the case just cited, the plaintiff was the owner of a taxi-cab business, and had a dozen or more cars on hand and in service.
In the case of Murphy v. New York City R. Co., 58 Misc. Rep. 237, Justice Bischoff, in concurring in the reversal of the judgment then before the court, said: “for the purposes of the new trial, it may be noted that the plaintiff, if deprived of the usable value of his automobile for a time, through the defendant’s negligence, would be entitled to compensation for the loss, notwithstanding that he did not actually procure another automobile, by hire, during the interval, * * * and although the use of the thing injured may have been for pleasure wholly and not for profit. ’ ’
As was said in the case of Cook v. Packard Motor Car Co., 88 Conn. 590; L. R. A. 1915 C, 319: “ Since compensation for injury to personal property is the cardinal rule for the measure of the damage, there would seem to be no room for affording a recovery for a deprivation of the use of an automobile devoted to business, and denying it to one devoted to pleasure uses. The value of the use of personal property is not the mere value of its intended use but of its present use.” The right of an owner of the chattel to the use of his property is not diminished by the *192 use the owner makes of it. The right to use, whether for business or pleasure, is absolute, and whoever injures the owner in the exercise of that right renders himself liable for consequent damages.
Two recent decisions in the House of Lords are directly in point. In The Greta Holme, L. R. A. C. 1897, p. 597; 66 L. J. Prob. (N. S.) 166, it was held that the trustees of the Mersey Dock and Harbor Board were entitled to recover damages for the loss of the use of a dredger injured by a colliding vessel, although the owners were not out of pocket in any definite sum.
And in The Medina, L. R. A. C. 1900, p. 113; 69 L. J. P. D. & Ad. (N. S.) 35, the same board was held entitled to substantial damages for the loss of the services of a damaged lightship, during the time that its place was taken by a substituted lightship continuously maintained by the board at its expense for such emergencies. In the latter case, it was argued that the board paid nothing for the hire of a substitute, and that they were really better off than if there had been no accident, because relieved of the cost of maintaining two lightships during the time when the injured vessel was under repair. Lord Hals-bury, however, pointed out the distinction between the attempt to establish a specific loss of profit on the one hand, and the claim for general damages for the unlawful detention of property on the other; saying that an alleged loss of profit must be proved by precise evidence, but that when only general damages are asked for, no such principle applies, and that in such case the jury may give what they think maybe a proper equivalent for the unlawful detention of the thing in question.
It is a familiar rule of damages in replevin cases in this state, brought to recover a chattel wrongfully *193 taken by the defendant, that the plaintiff may recover for the usable value of the chattel taken during the period of detention.
Further illustrations of the general rule are found in Wellman v. Miner, 19 Misc. Rep. 644, where the plaintiff sued to recover the actual reasonable outlay for the hire of a carriage during the time required to repair his own. The claim was resisted on the ground that the use of the carriage ‘' was not a necessity but a luxury.” The court held that whatever it was, the plaintiff was entitled to recover for such item, remarking that: “If entitled to the use of his carriage at all, he was entitled to the continuous use of it, and the expense undergone simply to preserve that benefit, during the period when his carriage was necessarily out of his hands, because of the defendant’s negligence, formed an item of damage as reasonably consequential to the tort as did the repairs to the breakage itself.”
In the case of Schalscha v. Third Avenue R. R. Co., 19 Misc. Rep. 141, where the plaintiff’s violin was injured and where Judge McAdam laid down the rule as follows: “ The general rule in actions for injury to property not caused by malice is compensation commensurate with the loss; and this embraces the expense of restoration of the property to soundness, compensation for the loss of it during the period of disability, and the difference between its value before the injury and after the cure or repair: ’ ’
And further, in Moore v. Metropolitan St. R. Co., 84 App. Div. 613, an action in this department, the owner of a wagon, in addition to recovering the reasonable sum paid for repairs, was allowed to recover for the usable value of the wagon for the period of ninety-five days, the time fairly consumed in rebuilding the injured wagon.
*194 And in Buchanan’s Sons v. Cranford Co., 112 App. Div. 278, evidence of the usable value of a horse during the period the owner was deprived of its use by reason of injuries caused by defendant’s negligence was held to be proper. See, also, Allen v. Fox, 51 N. Y. 562.
In addition to the foregoing cases, many cases from other jurisdictions are collected in a case note to Cook v. Packard Motor Car Co., L. R. A. 1915 C, 319, and Sedgwick on Damages (9th ed.), §§ 195, 243b.
The evidence as to damage in the case at bar was that the rental value of a limousine car of the make used by the plaintiff would ordinarily cost the user twenty dollars a day with a chauffeur. The court below awarded ten dollars per day. The rental value of the property helps to ascertain the value of the use, but rental value while evidential is not conclusive for the rental value generally includes a substantial sum for wear and tear and depreciation.
The conclusion is therefore reached:
1. Damages for loss of use of an automobile may be allowed against one who negligently injures it, although the owner intended to use it only for pleasure and not for rent or profit.
2. Evidence of the rental value of an automobile is admissible upon the question of the compensation to be awarded the owner for being deprived of its use through another’s negligence, although he did not intend to rent it or use it for profit.
3. Evidence of rental value is admissible not as furnishing the exact measure of damages, but as one of the facts to be considered in ascertaining the extent of the injury.
Clark and Manning, JJ., concur.
Judgment affirmed, with twenty-five dollars costs.